HUGHES v. FORD ET AL.

1. ACTION BY LESSEE FOR IMPROVEMENTS MADE DURING TERM OF
   LEASE.— A lessee of city lots who erected buildings and other im-
   provements thereon, under an agreement with the owner for their
   removal at the expiration of the lease, cannot recover their value
   from a purchaser of the lots in the absence of an agreement by the
   latter to pay for the same.
2. RENT NOT RECOVERABLE FOR IMPROVEMENTS LEFT AFTER EXPIRA-
   TION OF LEASE.— Where a tenant, who has erected improvements
   on the demised premises under an agreement with the lessor that he
   may remove them, wrongfully allows the improvements to remain
   on the premises after the expiration of the lease, he cannot recover
   rent for such improvements.
3. ERROR TO ENTER JUDGMENT COVERING ONLY PART OF THE MAT-
   TER SUBMITTED BY THE PLEADINGS.— Where the matters submitted
   by the pleadings of the parties to the judgment of the court are,
   whether the owner of the real estate is liable to the lessee for the
   improvements made during his term and their value, or, in the event
   he is not liable, that the court fix a time within which the lessee
   may remove the same, it is error to merely enter a judgment for the
   defendant without making an appropriate order concerning the
   removal of the improvements.

*Error to Superior Court of Denver.*

Messrs. WELLS, McNEAL & TAYLOR, for plaintiff in error.

Messrs. GEO. W. MILLER and LIPSCOMB & HODGES, for de-
fendants in error.

MR. JUSTICE HAYT delivered the opinion of the court.

At a time prior to the year 1883, George W. Clayton and
William Clayton, then being the owners in fee of lots 24
and 26, block 48, east division of the city of Denver, leased
the same to plaintiff in error, Paul T. Hughes, for a term
expiring June 1, 1883. By the terms of said lease all im-
provements erected by plaintiff were to remain his property.
Thereafter plaintiff entered into possession of the premises
and erected thereon certain buildings. Upon the expira-
tion of the term of the lease, plaintiff, by the consent of

the Claytons, held over upon the original terms. On or about November 21, 1883, Clayton conveyed the premises to Ford, one of the defendants in error, Clayton, however, reserving and excepting the improvements (belonging to plaintiff), with an agreement that plaintiff might remove the same at any time before June 1, 1884. It further appears that on or about November 21, 1883, plaintiff and defendant Ford entered into an agreement to the effect that plaintiff should deliver to said Ford the premises on the 1st day of June, 1884, free of any incumbrance caused by plaintiff, and should pay Ford as ground rent, in the meantime, $150 a month; and also pay all taxes levied upon the premises for the year 1883. Ford, in consideration thereof, leased to plaintiff the premises until the 1st day of June, 1884. Plaintiff also testifies that at numerous times after the conveyance from the Claytons, Ford expressed to him a desire to retain the improvements upon the land, and his readiness and willingness to purchase the same at a fair valuation, and that he further promised and agreed to pay plaintiff the reasonable value of the improvements, or renew and extend the lease of the premises. This testimony of plaintiff is contradicted by the defendant. It appears, however, that about the 31st of May, 1884, plaintiff prepared to remove therefrom the buildings and improvements erected upon the premises. About this time further negotiations were had looking to the purchase of the improvements by Ford, and, for this reason, the removal did not take place. It is in evidence that the parties attempted to fix the value of these buildings by arbitration, but the arbitrators chosen failing to agree, and the articles of submission being defective, nothing came from such attempt. Plaintiff claims that the failure of the arbitration was due to the fraud of the defendant Ford, but the proof is not sufficient to sustain this allegation. It is also shown that on or about May 20, 1884, the defendant Ford gave notice to plaintiff that he desired to take full possession of the premises on or about the 1st day of June, 1884.

Plaintiff seeks, *inter alia*, for a judgment for the value of the improvements, and for a lien therefor upon the same. In the alternative, plaintiff asks that he be permitted to remove the buildings from said premises within some reasonable time to be fixed by the court.

In the superior court the case was tried to the court without a jury. The issues were there found in favor of the defendants, and judgment entered accordingly. At the trial the evidence was directed principally to two points: (1) To prove an agreement between the parties whereby the defendant Ford became obligated to pay plaintiff the reasonable value of the improvements; (2) to establish such value.

Unless the first point be established, the second is entirely immaterial. To prove an agreement to pay for the improvements, plaintiff was compelled to rely almost exclusively upon his own testimony. This, at most, is vague and unsatisfactory, and is directly contradicted by the defendant Ford. In this state of the record it was the province of the trial judge to decide upon the weight of the evidence. This he did, and his decision was against plaintiff; and we see no reason for disturbing such conclusion. An examination of the evidence shows that the conversation between the parties, in reference to a sale of the buildings by the plaintiff, and their purchase by the defendant, amounted to no more than negotiations for a sale. Neither price nor terms were ever agreed upon. The minds of the parties never met.

The agreement to submit the matter to arbitration shows that neither party, at that time, regarded the matter as settled. The arbitration failing, the matter must still be regarded as undecided. Under the circumstances, the defendant Ford cannot be charged with the value of plaintiff's improvements. The plaintiff asks, however, in this alternative, to be allowed a reasonable time within which to remove the same; and the defendant in his answer expressly assents thereto. Under the circumstances, the court

should have made some appropriate order in reference thereto. This it did not do, and for this error the judgment must be reversed.

A receiver was appointed, who collected the rents during the pendency of the action in the court below. By the final judgment, this receiver was required to pay the defendant Ford the amounts thus collected. This part of the judgment cannot be disturbed. The improvements were wrongfully suffered to remain upon the premises after the expiration of the lease, and plaintiff was not entitled to the rent therefrom.

The judgment is reversed, with directions to the court below to modify the same by allowing the plaintiff a reasonable time within which to remove the improvements.

*Reversed.*