G. BOVET v. CHARLES HOLZGRAFT.

No. 316.

**Fixtures — Stairway.** — A tenant removed an inside stairway from a two-story building leased by him; he erected an outside stairway without the consent or promise from the landlord to pay therefor. *Held*, that such stairway was a fixture, and a charge assuming that it was not, was error.

APPEAL from the County Court of Bell. Tried below before Hon. JOHN M. FURMAN.

*D. E. Patterson* and *A. M. Monteith*, for appellant.— 1. The verdict of the jury rendered in this cause in favor of the defendant is contrary

to the law and evidence, in this, that the law imposes no obligation on the. landlord to pay his tenant for improvements erected by tenant on the demised premises, without the aid of a special contract, and no contract was proved or suggested binding the plaintiff in this cause for fixtures erected by defendant. Ewell on Fix., 133; Erickson v. Jones, 35 N. W. Rep., 267; Gardner v. Watson, 18 Ill. App., 509; Wooley v. Osborne, 39 N. J., 54; Dunn v. Bagley, 88 N. C., 91; Lanigan v. Kyle, 97 Pa. St., 120; Morgan v. United States, 14 Ct. of Claims, 319; 11 U. S. Dig., Landlord and Tenant (C), p. 516; Joslyn v. McCabe, 46 Wis., 591; Hartford, etc., Co. v. Mayor of New York, 19 N. Y., 550; Smith v. Kincaid, 4 Ill. App., 620; Peck v. Knox, 1 Sweeney, 311; Mumford v. Brown, 6 Cow., 475; Kupler v. Smith, 2 Wall., 491.

2. The court erred in his charge, in assuming that the defendant had the right to remove the improvements which he had made during the year 1884 from the rented premises at the expiration of the lease for the year 1886, there being no contract pleaded by the defendant or shown by the evidence that he reserved such right or privilege. Friedland v. Hewett, 9 Law Rep., 700; Am. and Eng. Encycl. of Law, 63, note 3; Carlen v. Ritter (Md.), 13 Atl. Rep., 370; Heddrick v. Smith, 1 West. Rep., 44; 103 Ind., 203; 53 Am. Rep., 509; Marks v. Ryan, 63 Cal., 107; 134 Mass., 550; Shepard v. Spaulding, 4 Metc., 486; Halbert v. Wylie, 3 Johns., 44; Philips v. Stephens, 16 Mass., 238.

*James Boyd* and *Harris & Saunders*, for appellee.—The stairway was not a fixture. Moody & Jameson v. Aiken, 50 Texas, 65; McJunkin v. Dupree, 44 Texas, 500.

KEY, Associate Justice.—Appellant, as plaintiff, sued appellee, as defendant, for $90 for rent of a store house in Belton, Texas; $54 damages to the same; $20, the value of a stairway and partition removed therefrom; and for $16.40 interest.

The defendant pleaded a general denial; that he made certain repairs upon the house, among others a staircase costing $175; that when he vacated the house he owed $50 rent; that plaintiff, through his agent, J. Tobler, agreed to take said new stairway for the rent due and the old stairway taken out by defendant; that plaintiff had ever since then used the new stairway, and was estopped from denying that he agreed to take same in satisfaction of any indebtedness due by defendant. The defendant also pleaded $175, the value of the stairway placed in the house by him, as a setoff and in reconvention against the plaintiff's demand.

Upon a trial in the County Court, verdict and judgment were rendered for the defendant for $5. The defendant has remitted the $5 in this court.

The building in question was a two-story house. At the time appellee rented it, there was a spiral stairway about the middle of one of the side walls, and near said wall. There was also a partition wall which divided one story into two rooms. These appellee took out, and put in a new stairway in the front of the building, at a cost of $174. At the time appellee rented the house from appellant's agent, he told the agent that some changes would have to be made in it before it could be used for a saloon, the business appellee designed and used it for; and said agent told him to make any changes necessary to carry on his business.

Two lease contracts were put in evidence, in each of which appellee obligated himself to return the building in as good condition as received, ordinary wear and tear excepted. The last lease expired February 1, 1887, after which appellee held possession of the premises until the following July. He refused to sign another contract to pay rent at the rate of $60 per month, but offered to lease it at $50 per month. Whether or not there was an agreement that he should pay only $50 per month at any time after February 1, 1887, is a question upon which there is conflict of testimony. At any rate, during the time in question, appellee paid on the rent $270, and when he vacated the premises he claimed that he only owed $50 rent, while appellant claims that he owed $90.

Appellee testified, that he told appellant's agent, Tobler, that he owed $50 rent; that appellant might have the new stairway for $100, $50 to be paid in money, and the other $50 to be applied to the rent; that said agent promised to think about it and let him know in a few days, and had never given him a reply; that this was before appellee vacated the house.

When appellee moved out of the house and surrendered possession to appellant, he did not remove the stairway placed therein by him; and he testified that he did not do so because he was feeling unwell.

Among other instructions, the court charged the jury as follows:

"If you believe from the evidence that defendant, with the consent of plaintiff, annexed to plaintiff's house the stairway described in defendant's answer, and at the surrender of his possession defendant abandoned said premises without severing or removing the said stairway, and without any agreement authorizing him within a reasonable time to demand of plaintiff the right to remove the same, or failed to attempt to remove the same, you are charged that in such event the stairway became the property of plaintiff, and defendant is not entitled to recover the same or the value thereof. But should you find that defendant, on surrendering possession of said premises, failed to sever or remove his said annexed property on account of the words or conduct of plaintiff, and that relying thereon, and being induced thereby, he did permit the said property to remain so annexed pending a settlement between plaintiff and defendant, and that within a reasonable time thereafter defendant applied for

permission to remove said property, which was refused, and the same used by plaintiff for his own benefit, then in such event the defendant would be entitled to recover of plaintiff the reasonable value of said property at the date of such refusal by plaintiff to deliver or permit defendant to remove the same, and if you so believe you will find for defendant the reasonable value of said property at said time."

In giving this charge the court below committed error. The charge assumes that the stairway was not a fixture; or if it was a fixture, it was such an one as appellee had a right to remove if he erected it with appellant's consent. In the light of the evidence in the record, which we have already summarized, neither of these assumptions was permissible.

Unquestionably the stairway was a fixture. It was a necessary part of the house. In the absence of an elevator, it is as necessary to the proper use and enjoyment of the second story of a house that there be a stairway as a door, roof, or floor.

However, as between landlord and tenant, there may be many fixtures attached to the latter which he may remove during or at the termination of his lease, without the consent of the landlord. These are classed as (1) trade fixtures, and those erected for trade purposes, combined with other objects; (2) agricultural fixtures; and (3) fixtures set up for the purpose of ornament or convenience, or for domestic use. Ewell on Fixt., ch. 4, p. 80. Under the testimony in the transcript, the stairway in question is not embraced in either of these classes.

When appellee rented the house, it had a stairway in it connecting the two floors. This was a fixture in the sense which made it a part of the realty, and as much the property of the owner of the land as was any other part of the house. This appellee removed, and substituted the one in question for it. Therefore the latter became as much a fixture and as irremovable, without the consent of the owner of the premises, as was the former.

Appellee did not claim in his answer that there was any agreement between him and appellant that he should have the. right to remove the stairway; and unless there was such an agreement, it became appellant's property, and appellee never at any time had the right to remove it; and consequently appellant's refusal, under such circumstances, to allow appellee to remove it would not render him liable for its value.

But treating the stairway as an irremovable fixture, if there was a contract, either express or implied, by which appellant became bound to pay appellee for erecting the same, appellee is entitled to the benefit of such contract. Such a contract was pleaded by appellee, and the issue thus tendered ought to have been, but was not, submitted to the jury.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 15, 1893.