## STATE OF TEXAS v. INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY.

### Decided April 23, 1902.

**Railway Company—Brakeman—Statute.**

Article 4517, Revised Statutes, requiring railway companies to have a sufficient brake and keep a faithful brakeman upon the hindmost car of all trains transporting passengers and merchandise, applies only to trains which carry both, and not to those which are merely passenger trains.

Appeal from Travis. Tried below before Hon. F. G. Morris.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant Attorney-General, for appellant.

*N. A. Stedman,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by the State against the railroad company to recover penalties arising from an alleged violation of article 4517 of the Revised Statutes, which reads as follows: "Every such company shall have a good and sufficient brake upon the hindmost car of all trains transporting passengers and merchandise, and also permanently stationed there a trusty and faithful brakeman, under a penalty of not exceeding $100 for each offense, to be recovered by suit in the name of the State."

The complaint made in the petition is to the effect that this law was not complied with by the appellee in the operation of its passenger trains only. The facts alleged in the petition were substantially proven. The

trial court, as shown in its conclusions of law, held that the statute in question applied to trains carrying passengers and merchandise, and did not apply to trains which exclusively carried passengers, or in other words, passenger trains.

We are of the opinion that this is a correct construction of the statute. It is needless to state our views upon this question, as they are in keeping with what is said in Railway v. Shelton, 58 S. W. Rep., 179; Railway v. Campbell, 45 S. W. Rep., 2; and Railway v. Schloss, 23 S. W. Rep., 1014.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.