George W. Mansel et al. v. T. F. Castles.

No. 880. Decided March 5, 1900.

1. Description of Land—Omission of Call.

A description of land by boundary lines running from the beginning point S. 45ᵘ W. 906 varas; thence N. 45° W. 555 varas; thence S. 45° E. 550, to the beginning shows an obvious omission of one call, between the second and third, which may be supplied with reasonable certainty, and such description is sufficient in a partition and decree of foreclosure, as it would be in a deed. (Pp. 415, 416.)

2. Same—Supplying Omitted Call—Necessary Certainty.

Though after locating the first two lines as called for, from the beginning point, and running the last back from the beginning point, three sides of the survey only are given and the requisite number of acres may be included by supplying either one of several conjectural lines, the probability that only one call was omitted presents such reasonable certainty as we act on in the highest concerns of life, and is sufficient for the purposes of the law. (P. 416.)

3. Judgment—Mistake—Action to Correct.

The description of land in a judgment of foreclosure being sufficient to enable the court to supply, from those given, an omitted call, and thus identify the land,—it was not competent for plaintiff to maintain a proceeding for the correction of a judgment not needing correction, nor to tax defendant with costs therefor. (P. 416.)

4. Case Reversed.

The ruling of the Court of Civil Appeals in this cause held erroneous. (P. 415.)

Error to the Court of Civil Appeals for the First District, in an appeal from Brazos County.

Castles sued Mansel and others and obtained a judgment for debt and foreclosure of lien, and at a subsequent term, on motion filed after expiration of the former term, a judgment correcting the description of the land foreclosed on. Defendants then appealed, and on affirmance obtained writ of error.

*Sam R. Henderson* and *B. R. Webb,* for plaintiff in error.—A court can not alter, vacate, or annul a final judgment regularly entered in a case of which it has jurisdiction after the adjournment of the term at which such judgment was rendered. Brownsville v. Basse, 43 Texas, 448; Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 412; Bronson v. Schulten, 104 U. S., 410; Doe v. Mining Co., 60 Fed. Rep., 643; Chestnut v. Pollard, 77 Texas, 88; Smith v. Fox, 4 Willson Civ. Cases, sec. 63.

A final judgment, after the adjournment of the term at which it is rendered, can be altered or amended only in a direct proceeding for that purpose showing that the error sought to be corrected was the result of accident, mutual mistake of the parties, or fraud of the opposite party, and was not the result of inattention or negligence on the part of the party in whose favor such judgment had been rendered. Holland v. Preston, 12 Texas Civ. App., 585; Nichols v. Dibrell, 61 Texas, 539; Lessing v. Cunningham, 55 Texas, 231; Laird v. Thomas, 22 Texas, 280;

Rogers v. Lumber Co., 11 Texas Civ. App., 108; Doe v. Mining Co., 60 Fed. Rep., 643; Bank v. Betterton, 5 Texas Civ. App., 358.

Equity will not set aside a final judgment where the error in the judgment is the result of the complainant's own negligence. In such case even a new trial applied for before close of the term will be refused. Duncan v. Lynn, 3 Johns. Ch., 356; Brown v. Hurd, 56 Ill., 317; Plummer v. Power, 29 Texas, 14; Vilas v. Jones, 1 Comstock, 274; Burnley v. Rice, 21 Texas, 171; Vardeman v. Edwards, 21 Texas, 737.

*Doremus & Butler* for defendant in error.

GAINES, Chief Justice.—The defendant in error brought this suit against the plaintiffs in error to recover upon two promissory notes executed by the latter and to foreclose a lien upon two tracts of land. One of the tracts was fully described in an exhibit to the petition. The description of the other was as follows: "A part of the J. D. Allcorn league in Brazos County, Texas, and described as follows: Beginning at the south corner of the J. W. Beckham 160 acre tract in said league; thence south 45 W. 906 varas with S. E. boundary line of said league to a stake and mound in prairie; thence north 45 W. with the first division line of said league 555 varas to J. J. Sample's E. corner; thence S. 45 E. 550 varas to the place of beginning, containing 87¾ acres of land, more or less." There was a judgment by default and a decree of foreclosure in which the two tracts of land were described as in the petition. After the adjournment of the term at which the judgment was rendered, the plaintiff filed a motion alleging the invalidity of the foreclosure as to one of the tracts of land by reason of an insufficient description and praying that the judgment be set aside and the cause reinstated. The motion having been granted, the plaintiff filed an amended petition correcting the mistake in the field notes of the larger tract and obtained a decree of foreclosure upon the petition as amended. The defendants appealed, but the Court of Civil Appeals affirmed the judgment, holding that the proceeding was good, as one to amend the decree. They have now brought the case to this court.

We are of opinion the judgment can not be sustained either upon the ground upon which the District Court proceeded or upon that on which the Court of Civil Appeals rested its affirmance. That the description of the tract of 87¾ acres, as given in the original petition and decree of foreclosure, would be good if found in a deed, can hardly be deemed an open question in this court. Montgomery v. Carlton, 56 Texas, 361; Coffey v. Hendricks, 66 Texas, 676. It is apparent at a glance that there is a mistake in the field notes. There are but three lines called for, and the third line, while it calls to run to the beginning, simply runs back on the second. It thus becomes obvious that one or more calls have been inadvertently omitted. Running, then, the first two calls, we get two lines at right angles to each other. Recurring

then to the beginning point and establishing the last line by reversing the call for its course and by running the distance called for, we get another line at right angles to the first and approximately of the same length as the second. By supplying another line running from the end of the second to the north end of that so established, we complete a parallelogram which contains a fraction of an acre over 87¾ acres,—the number called for in the description. It is true that the requisite number of acres may be obtained by running three or more lines between the end of the second line and the beginning of the last; but if such had been the case, it is highly improbable that they would all have been omitted; while the omission by mistake of the calls for one line in a set of field notes is a matter of not infrequent occurrence. While, therefore, the proposition that the calls of the description in question correct themselves and show the land intended to be described, is not capable of mathematical demonstration; yet that it is true, is reasonably certain. Upon such certainty we act in all the highest concerns of life, and it is sufficient for the purposes of the law.

The description being sufficient in a deed, we see no good reason why it should not be held good in a petition and decree for foreclosure. Being certain in the one case, it must be certain in the other.

Since the description in the decree is good and sufficient to pass the title at the foreclosure sale, we are of opinion that it was not competent for the plaintiff to bring an action to correct it. He should not be permitted to tax the defendants with the cost of a proceeding to correct that which needed no correction. We are of the opinion, therefore, that the order of the District Court of October 11, 1898, vacating the original judgment and reinstating the cause, together with the final judgment of the same date, be reversed and set aside so as to leave the original judgment and decree of the 8th of March, 1898, in full force and effect; that this proceeding, begun by the filing of the motion of the 12th day of August, 1898, be dismissed, and that the defendant in error should pay all costs of the District Court which have accrued by reason of that motion and the proceedings subsequent thereto, as well as the costs of the Court of Civil Appeals and of this court. It is accordingly so ordered.

*Reversed and dismissed.*