RICHARD TOMPKINS ET AL. v. J. W. THOMAS ET UX.

Decided March 16, 1909.

**1.—Deed—Description of Land—Omitted Call.**

Where the description in a deed gave the length and direction of three lines, running from the beginning point south, thence east, thence north to a well defined point, thence calling to go 'west and south far enough to include the 400 acres" conveyed, it was manifest from the calls west and south that it was intended to convey 400 acres, and it appearing that a line running from the northeast corner only such distance west as that a line running south from the northwest corner would reach the beginning point would not embrace 400 acres within the boundaries described, and that in order that the tract should extend far enough west to include the quantity it was necessary to run from the northeast corner a certain distance which would carry it far beyond the point where a line running south would reach the beginning point, but that a line run that distance from the northeast corner, thence a certain distance to the south boundary of the original survey would include the quantity but would need another call east with such south boundary to close the survey, it was obvious that such a call was inadvertently omitted and could be supplied with reasonable certainty, and the description was sufficient to identify the land and to pass the title.

**2.—Case Followed—Case Overruled.**

Case followed, Mansel v. Castles, 93 Texas, 414; case overruled, Thomas v. Thompkins, 47 Texas, Civ. App., 592.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*P. E. McMahan* and *A. T. McKinney,* for appellants.

*Joe W. Thomas* and *W. A. Johnson,* for appellees.—The court did not err in its conclusion of law that the deed from Cherry to Worsham of date August 28, 1854, was insufficient for want of description, and there was no extrinsic evidence to aid said uncertain description. Wofford v. McKinna, 23 Texas, 45; Thomas v. Tompkins, 105 S. W., 1175; Mann v. Taylor, 69 Am. Dec., 750, 4 Jones Laws, 272; Thatcher v. Matthews, 101 Texas, 122; Coker v. Roberts, 9 S. W., 667; Norris v. Hunt, 51 Texas, 612; Watts v. Howard, 77 Texas, 71; Hinnink v. Jung, 22 S. W., 297; Harris v. Shafer, 86 Texas, 314; 2 Devlin on Deeds, sec. 1013.

McMEANS, ASSOCIATE JUSTICE.—This suit was instituted by appellants against appellees to recover title and possession of 400 acres of land, part of the Wm. Cherry 1,476-acre survey in Tyler County. This appeal is from a judgment in favor of appellees upon a second trial. The first trial resulted in favor of the plaintiffs, and on appeal by defendants the judgment of the District Court was reversed

and the cause remanded. (Thomas v. Tompkins, 47 Texas Civ. App., 592.) Plaintiffs, appellants here, have shown themselves entitled to a judgment if the deed from Wm. Cherry to A. B. Worsham, under which they claim, contains a sufficient description of the land in controversy to identify it.

Appellants' fifth assignment of error is as follows: "The trial court erred in its first conclusion of law, which is as follows: 'First. I conclude that the deed offered in evidence from Wm. Cherry to A. B. Worsham, of date August 28, 1854, does not describe the land as set out in plaintiffs' petition with sufficient certainty to entitle plaintiffs to recover; I therefore find for the defendants, there being no extrinsic evidence to aid the description of said deed,' because said finding of law is contrary to law and the evidence introduced on the trial of said cause for the following reasons: The said deed from Wm. Cherry to Worsham does describe the land sued for in this case with sufficient certainty to identify the same and to pass the title to said land from the said Cherry to the said A. B. Worsham by the terms of said instrument, because the terms of said deed taken in connection with the location of the lines of the tracts conveyed out of said survey by the said Cherry to W. B. Dillon in 1849, and to H. M. Farrier in 1855, and the recitals in said deeds as shown by the evidence and other extrinsic evidence adduced on the trial of said cause, conclusively show that the said Cherry intended to convey and did convey to the said Worsham the premises described in plaintiffs' amended petition and delineated on the map thereto attached."

We are of the opinion that the assignment must be sustained. The description of the land in the deed from Cherry to Worsham, under which appellants claim, is as follows:

"A certain tract or parcel of land & being in Tyler County, situated on Cypress Creek, a branch of Village Creek, being a part of said Cherry headright. Beginning at the N. E. corner of a survey for Elizabeth Strong, a stake from which a pine 15 in. dia., mkd. J. P. brs. S. 72 deg. W. 3 vrs., also a pine 15 dia. mkd. X brs. N. 62 deg. 30' E. 1 vr. Thence S. with the E. boundary line of said survey 1000 vrs. to a corner of said Cherry survey, a stake from which a W. O. 14 in. dia. mkd. A. N. brs. N. 55 deg. 50' E. 7 vrs., also a pine 12 in. dia. mkd. X brs. N. 67 deg. W. 7 6-10 vrs. Thence E. with said Cherry's S. boundary line 1217 vrs. to the S. E. corner of said Cherry survey, a stake from which a red oak 5 in. dia. mkd. A. N. brs. N. 89 deg. W. 12 8-10 vrs. Also a W. O. 3 in. dia. mkd. X brs. S. 72 deg. 15' N. 11 vrs. Thence N. along said Cherry's E. boundary line 1456 vrs. to the S. E. corner of A. B. Hardin survey. Thence west and south far enough to include four hundred acres of land."

It was clearly the intention of the grantor to convey to Worsham 400 acres of land, and in describing this quantity he gave the length and direction of three lines, running from the beginning point south, thence east, thence north to a well-defined point, thence calling to go west and south far enough to include the 400 acres conveyed. There is nothing to indicate that the lines thus given will not close, but a mathematical calculation demonstrates that a line running from the northeast corner only such distance west as that a line running sout'¹

from the northwest corner would reach the beginning point, would not embrace 400 acres within the boundaries described. The defect in the description consisted in the failure to state the length of two of the lines and the entire omission of a line necessary to make the survey close. That it was intended to convey to Worsham 400 acres is manifest from the fact that the last two calls show that the tract should extend far enough west to include this quantity, and from the further fact that the unsold balance in the tract of 1476 acres was supposed to be 576 acres as shown in the recitals in the deed from Cherry to Farrier, after deducting the 500 acres sold to Dillon, as to the proper description to which there is no question, and the 400 acres sold to Worsham. Now, in order that the tract should extend far enough west to include the 400 acres it was necessary to run from the northwest corner a distance of 2283.25 varas, which would carry it far beyond the point where a line running south would reach the beginning point. But a line run from a point 2283.25 varas from the northeast corner, and thence south 456 varas to the south boundary line of the Cherry would include the 400 acres, but would need another call, viz., east with Cherry's south boundary 1066.25 varas, to close the survey. It is obvious that this call was inadvertently omitted. By supplying this line the requisite quantity is conveyed, the survey properly closed and the description complete. The omission by mistake of the calls for one line in a set of field notes is a matter of not infrequent occurrence. "While, therefore, the proposition that the calls of description in question correct themselves and show the land intended to be described, is not capable of mathematical demonstration, yet that it is true is reasonably certain. Upon such certainty we act in all the highest concerns of life, and it is sufficient for the purpose of the law." Mansel v. Castles, 93 Texas, 414.

As will appear from our opinion rendered on the former appeal, we held the description of the land in plaintiffs' petition and in the deed under which plaintiffs claim was so incomplete as to render the petition demurrable and the deed incompetent as evidence in the absence of allegations of extraneous facts which would clear up the misdescription. At that time we overlooked the case of Mansel v. Castles and our attention was not called to it in the briefs of either party. Following that case, we think our opinion reversing the judgment and remanding the cause was wrong, and that the judgment should have been affirmed. As all the facts appear to be fully developed, and as the undisputed evidence shows appellants are entitled to a judgment for the title and possession of the land in controversy, this court will here render such judgment as the court below should have rendered. It is therefore ordered and adjudged that the appellants do have and recover of the appellees the title and possession of the land described in their petition and recover of appellee all costs in this behalf incurred, for which they may have their writs of possession and execution.

*Reversed and rendered.*

Writ of error refused. Thomas v. Tompkins.