### JUNIUS POITEVENT and WIFE v. A. B. SCARBOROUGH.

#### No. 2008. Decided January 19, 1910.

**1.—Judgment—Description of Land.**

In determining the sufficiency of the description in a judgment, as in a deed, to identify the land recovered, where there is an evident mistake in the calls, the court will, if practicable, find and correct the mistake so as to give effect to the recovery. Mansell v. Castles, 93 Texas, 414, followed. (Pp. 113, 114).

**2.—Same—Correcting Mistake by Construction of Calls.**

See field notes in a judgment held to contain a description of land capable of identification, though in order to give them such effect it is necessary, by construction, to correct a mistake in one call and to supply another which was omitted. (Pp. 113, 114).

**3.—Practice on Appeal.**

In constructing the calls describing land in a judgment appealed from for the purpose of testing its validity, the appellate court may look to the evidence to aid it in interpreting the judgment where the facts on which it was found are in the record. (P. 114).

**4.—Estoppel—Acceptance of Deed.**

One to whom land has been sold and conveyed, by thereafter accepting from his grantor a deed with different description of the lands conveyed, reciting that they are the same sold and described in the former deed and that the second is made "to give a more full and complete description of said land," is estopped thereby from claiming under such purchase land described in the first but not in

the second deed. Such estoppel was matter of law, which the court should have determined, and not have left to the jury. (Pp. 114, 115.

Error to the Court of Civil Appeals for the First District, in an appeal from Polk County.

Scarborough sued Poitevent and wife for the recovery of land, and had judgment. Defendants appealed and obtained writ of error upon affirmance.

*T. F. Meese* and *S. H. German,* for plaintiffs in error.—Where a second deed has been executed as a substitute for and a correction of a prior deed, all prior stipulations of the parties are merged in the second deed, and if the deed delivered as a substitute omits lands contained in the prior conveyance the grantee is estopped from claiming them. His acceptance of the said second deed constitutes an election to take the land conveyed by the corrected deed and operates as a relinquishment of title to the land conveyed by the first deed. Doty v. Barnard, 92 Texas, 104-107; Heirs Corzine v. Williams, 85 Texas, 506; 2 Devlin on Deeds, sec. 850c.

A judgment is void for uncertainty when it fails to describe the property recovered with sufficient certainty that the sheriff can put the parties in possession thereof. Rev. Stats. 1335; Hall & Jones v. Jackson, 3 Texas, 305; Gear v. Hart, 31 Texas, 135; Hearne v. Erhard, 33 Texas, page 66; Roberts v. Landrum, 20 Texas, 471.

The sufficiency of the judgment must be determined by the court, and any defects therein can not be cured by referring to the facts proved upon the trial and facts proved, but not alleged, can not form the basis of a judgment. Chrisman v. Miller, 15 Texas, 160; Cooper v. Laughlin, 75 Texas, 527; Western U. Tel. Co. v. Smith, 88 Texas, 13; R'y. Co. v. Vieno, 7 Texas Civ. App., 347; Moore v. Vogel, 22 Texas Civ. App., 235.

*F. Campbell* for defendant in error.—The intention of the parties at the time of the execution of a second deed will control, and effect will be given to a second deed conforming it to the purpose for which it is given. Douthit v. Robinson, 64 Texas, 103; McHugh v. Gallagher, 1 Texas Civ. App., 196; Hunt v. White, 24 Texas, 652; Bell v. Wright, 94 Texas, 407; Linney v. Wood, 66 Texas, 22.

The deed of 1892 was given for a specific purpose, affecting only the land upon which the loan was to be made, and at the instance of a third person, and could not in the contemplation of the parties, have been designed to affect more of the land than the sections upon which the loan was desired, and the appellee was not estopped to assert and maintain his title to the residue of the lands purchased by him. In Bitner v. Land Company, 67 Texas, 341, the rule that "That is certain, which can be made certain" is quoted by Judge Gaines, and in case of Randall v. Gill, 77 Texas, 351, the court held that where the northwest and southeast corner of a rectangular survey are described it is sufficient.

What is a certain description in a voluntary conveyance is certain in an involuntary one. Oxsheer v. Watt, 91 Texas, 124.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant in error sued Poitevent and wife in the District Court of Polk County, Texas, to recover of them a tract of land containing 109 acres, a part of the survey in the name of J. B. Win in said county. The land was described in the petition and judgment as follows: "Being a part of the J. B. Win league situated in Polk County, Texas, and described thus: Beginning on the N. E. line of the Thompson survey, where the N. W. line of the Win crosses the Thompson line. Thence N. 60 E. with the said W. line 2094 varas to a stake on N. W. line of A. Viesca four league survey, pine 8 in. in dia. pine 4 in. in dia. and a post oak, all marked X. Thence B. 49 W. with said Thompson line 616 varas to the place of beginning. Containing 109 acres of land."

In 1882 the plaintiffs in error made to Scarborough a deed by which they conveyed to him all of the land which they then owned in the Viesca and Win surveys in Polk County. The grantors at that time owned the land sued for. That deed was never recorded and had been lost at the time of the trial. In 1892, Scarborough desired to borrow money upon the land conveyed to him by Poitevent and wife, but it was objected that the description in the deed was not satisfactory. A new deed was made by which Poitevent and wife conveyed to Scarborough two distinct tracts of land, one containing 333 acres, and the other 851 acres, the land in controversy was not embraced in that deed.

Plaintiffs in error claim that the land sued for was not embraced in the first deed and that the second deed was accepted in lieu of the first. The second deed made by Poitevent and wife to Scarborough contained the following clause, which followed the description given of the two tracts: "These lands being the same lands sold to said A. B. Scarborough on the 2d of March, 1881, and described in said deed dated March 2, 1881, and delivered to said Scarborough, conveying said lands to him. This deed being made to give a more full and complete description of the said land." It was also recited in that deed that the consideration for the conveyance was the payment of the purchase money notes mentioned in the first deed.

The Court of Civil Appeals finds as follows: "There was evidence sufficient to show that in fact the purpose of the second deed was, as alleged by appellee, solely to give a more full and specific description of the two tracts on which he wished to procure a loan, the loan company objecting to the description given in the first deed of the said two tracts, and that it was not the intention that the title already conveyed to the tract in controversy should be affected by this second deed." The plaintiff recovered judgment in the court below in which the land was described as given above.

It does not appear from the record that the general demurrer offered by the defendants below to the plaintiff's third amended petition was presented to the court, or acted upon in any way, therefore, the question of the sufficiency of the petition as pleading is not before us for consideration.

In the motion for a new trial in the District Court one of the grounds set up was that the petition and judgment did not contain

sufficient description by which the land could be identified, therefore, the judgment was void. In determining the validity of the judgment, the same rule of construction is applicable that would apply if it were a deed. Mansell v. Castles, 93 Texas, 414. The rule for construction of deeds is: That where there is an evident mistake in the calls, the court must, if practicable, find and correct the error, so as to give effect to the deed. There is a manifest mistake in this call: "Thence B. 49 W.," which can not be correct. It must either be, "Thence N.," or "Thence S." "B." does not indicate any course. The land to be surveyed is a part of the Win survey, and no part of that survey could lie north of its northwest line. If the call be considered "S. 49 W.," then to find the third corner we must reverse the call and run from the beginning corner, following the Thompson line N. 49 W. 616 varas, which would place the corner north of Win's northwest line. A straight line between that point and the second corner would not embrace any of the Win survey, therefore, it is conclusive that the call at the third corner should be "thence N. 49 W.," which would place the third corner on the north line of the Thompson survey, 616 varas S. 49 E. from the beginning corner. The end of the first line being upon the northwest line of the Viesca survey, and the second line called for running from the beginning corner southeast, the third corner is located on the north line of the Thompson and would form a triangle by connection between the Viesca's northwest line and the Thompson north line. The line of the Viesca must cross the Thompson north line, for the courses of the two would produce that result if projected far enough. It is reasonably certain that the call omitted was, thence with the Viesca, running in a southerly direction to the intersection with the Thompson north line. This conclusion is sustained by the fact that all of the land lying in the triangle must have been a part of the Win survey, because none of the Thompson survey could be north of its north line, nor could any part of the Viesca be west of its northwest line.

The construction that we have given to the field notes corresponds with the evidence before the court upon which the judgment was rendered. We are of opinion that in testing the validity of a judgment of a court, when the facts on which it was based are in the record, this court may look to the evidence to aid it in the interpretation of the judgment. We conclude that the judgment is not void for want of description and for that reason overrule the assignment of error which presents that proposition. Mansell v. Castles, cited above is very much in point in this case and, in fact, lays down the rule upon which we have based our decision. We believe that case is sound and therefore adhere to it.

The trial court submitted to the jury the question whether the plaintiff was estopped by accepting the second deed to claim land embraced in the first, but omitted from the second deed. This action of the trial court was assigned as error in this court.

The description in the second deed gave definite boundaries to two tracts of land and recited, "these lands being the same lands sold to A. B. Scarborough on the 2d day of March, 1881, and described in the said deed, dated March 2, 1881, and delivered to the said Scar-

borough, conveying said lands to him. This deed being made to give a more full and complete description of the said land." The land now sued for was not included in the field notes given in the second deed. The plaintiff Scarborough claimed that it was embraced in the first deed and that he was entitled to all of the land embraced in both deeds. He claimed that the second deed was made only to give definite description to the land for the purpose of securing a loan upon it. Looking to the terms of the deed and the recitals in it, it is very clear that the second deed was substituted for the first, and by its very terms it is stated that the land described therein was the very land conveyed in the first. The plaintiff is estopped by the terms of the second deed from claiming any of the land which is not embraced therein.

Upon a state of facts very similar to this case the same question was before this court in the case of Doty v. Barnard, 92 Texas, 104, in which this court said: "By accepting the deed from Doty and wife and selling the land within a short time according to the description given in the said deed, Rowland estopped himself to claim under the deed from Williams to Odom any land not included in the deed from Doty and wife to him." We refer to that case for authorities there cited which fully sustain the proposition laid down by the court. Again this court said in that case: "The recitals in the deed from Doty and wife to Rowland constitute a clear declaration on the part of the grantors, and by acceptance an admission on the part of the grantee, that the land sold by Williams was the 266 acres embraced in the last deed and that the land sued for was not embraced in the assignee's deed. It would be inequitable to allow Rowland, after availing himself to the benefits of the correcting deed, to repudiate it so far as it imposed an obligation upon him and claim the land in controversy by virtue of the deed from Williams to Odom which he virtually abandoned by accepting the deed from Doty and wife." The effect of the second deed made to the plaintiff was a question of law for the court to decide and it was error to submit that issue to the jury. The court should have instructed the jury to return a verdict for defendants.

The other assignments of error in the application relate to rulings on the admissibility of evidence which probably will not arise on a second trial of this case and which must be along different lines from the last trial. The issue presented herein can not arise and therefore the question of evidence which arose upon the last trial will not probably arise again for which reason we decline to discuss the other assignments of error.

The judgment of the District Court and of the Court of Civil Appeals are reversed and this cause is remanded.

*Reversed and remanded.*