## FORTENBERRY et al. v. CRUSE et al. (No. 276.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 26, 1917.)

1. DEEDS &ographicmark;38(1)—DESCRIPTION — PATENT AMBIGUITY.

A deed describing the land as "lying and being situated in Tyler county, said state, on the waters of Billums creek; beginning at the S. W. corner of William Pool land; thence east 1,220 varas to the Lewis league; thence south 1,050 varas to the beginning, containing 226 acres, more or less"—was not void for patent ambiguity, it showing an obvious omission of two calls which might be supplied with reasonable certainty by taking the two lines as given, recurring to the beginning point, running south a distance equal in length, and closing this third line and second line by a straight line, thus constructing a parallelogram containing the acreage called for.

2. EVIDENCE &ographicmark;451—PAROL EVIDENCE—UNCERTAINTY IN DESCRIPTION.

Where the defect in the description of a deed is patent on the face of the instrument and is such that the instrument does not convey any land described, the deed is void, and extrinsic proof cannot be resorted to make the description certain.

3. EVIDENCE &ographicmark;452—PAROL EVIDENCE—INADEQUATE DESCRIPTION.

Where the description of a deed omitted two calls, but did not show on its face that the land could not be located by extrinsic proof, the court properly admitted extrinsic evidence in support of the description.

4. ACKNOWLEDGMENT &ographicmark;3 — CERTIFICATE— IDENTITY — KNOWLEDGE OF NOTARY—EVIDENCE.

The court properly admitted in evidence a deed from husband and wife, the notary's certificate to the wife's acknowledgment failing to state that she was known to him, or that proof was made of her identity; the certificate in question having been made May 2, 1879, before the statute requiring certificates to state that the person acknowledging was known to the officer took effect.

Appeal from District Court, Tyler County; W. R. Blackshear, Judge.

Suit by C. L. Fortenberry and others against R. A. Cruse and others. From a judgment for defendants, plaintiffs appeal. Judgment affirmed.

Robt. A. Shivers, of Woodville, for appellants. W. A. Johnson and J. A. Mooney, both of Woodville, for appellees.

KING, J. This suit was filed in the district court of Tyler county, Tex., by appellants, C. L. and J. E. Fortenberry, against R. A. Cruse et al., in the form of trespass to try title, and for damages. All of the defendants answered by general demurrer, general denial, and pleas of not guilty. Defendants further answered that on March 5, 1877, the estate of Nancy Frazer was being administered in Tyler county, and that J. T. Fortenberry was adjusting all claims against said estate, he being the husband of C. M. Fortenberry, the daughter of Nancy Frazer, the land in controversy being owned by Mrs. C. M. Fortenberry; that Johnson and Chapman, the attending physicians in the last sickness of Nancy Frazer, had approved claims against her estate aggregating $241.50; and that J. T. and C. M. Fortenberry conveyed the land in controversy to Johnson and Chapman in consideration of the relinquishment of said claim and $25 in cash. The land so conveyed is alleged to be the following: "In Tyler County, Tex., on the waters of Billums creek, part of the H. Frazer league, and beginning at the southwest corner of William Pool's land; thence east 1,220 varas to Lewis league; thence south 1,050 varas; thence 1,220 varas to the beginning, containing 226 acres of land."

It is alleged further that the record of said deed was defective, and left out the last two calls. Defendants further answered that at the time of said conveyance, May 21, 1879, the land conveyed was pointed out by them and ratified by all of the Frazer heirs. That said land was afterwards conveyed to appellant R. A. Cruse by Chapman and Johnson. Appellees further answered that since said conveyance by J. T. and C. M. Fortenberry no claim of assertion or claim of ownership has been made by them to said land, and no taxes paid by them, but that they have recognized the right, title, claim, and interest of defendant Cruse for more than 30 years, and that for these reasons they are estopped

from asserting any claim. Defendants further answered that the plaintiffs are not the owners of said land, nor asserting title thereto as purchasers in good faith for value; that they are the sons of J. T. and C. M. Fortenberry, and are being used by them in an effort to avoid a just and equitable claim of the defendants to the land sued for; that all the facts were well known to them as pleaded by defendants, or could have been known by the exercise of diligence and inquiry. Defendants prayed for judgment against the plaintiffs and defendants J. T. and C. M. Fortenberry for the title and possession of said land, and that their title be quieted. J. T. and C. M. Fortenberry answered with general demurrer, special exception, and general denial, specially denying certain allegations in defendants' answer and plea.

The case was tried before the court without a jury, and judgment was rendered for defendants.

[1] Appellants' first assignment of error is to the effect that the court erred in admitting in evidence the deed from J. T. and C. M. Fortenberry to Chapman and Johnson, for the reason that said deed is void, in that it does not describe any land, and the ambiguity is a patent one.

The deed so admitted is, as to description, as follows:

Lying and being situated in Tyler county, said state, on the waters of Billums creek: Beginning at the S. W. corner of William Pool land; thence east 1,220 varas to the Lewis league; thence south 1,050 varas to the beginning, containing 226 acres, more or less.

Appellant contends that this is a patent ambiguity, in the description of the land, sufficient to render it void, and that, the same being a patent ambiguity on its face, no extrinsic evidence is admissible to cure the defect in description.

We overrule said assignment of error. An inspection of the deed shows an obvious omission of two calls which may be supplied with reasonable certainty. There are only two lines given in the recorded deed, one beginning at the southwest corner of William Pool's land, running east 1,220 varas to the Lewis league; thence south 1,050 varas—the two lines given forming a right angle at the corner. It would suggest itself to a reasonable mind that the land conveyed is included in the interior of the angle, rather than on the exterior. We are certain that more than one line is omitted, because to draw a line from the beginning point to the end of the second line, forming a triangle, would not give the acreage called for in the deed, giving only half of the acreage. This right angle triangle, as suggested, containing only one-half of the acreage called for, is convincing that the land conveyed in the deed is in the shape of a parallelogram, taking the two lines as given, recurring to the beginning point and running south a distance equal in length to the second line, and closing this third line and second line by a straight line, and thus constructing a parallelogram containing exactly 226 acres called for in the deed.

We think the calls of description in question correct themselves, and show the land intended to be described, to a reasonable certainty. The number of acres called for can be obtained by constructing a narrow L-shaped strip of) land on the exterior of the angle formed by the two given lines; but, in order to do so, it will be necessary to supply four lines or more to get the acreage, besides having a very unusual and irregular shape. To obtain the acreage within the interior of the right angle, otherwise than by constructing a parallelogram, many lines would have to be supplied, or the lines would have to run in a zigzag shape.

In the case of Mansel v. Castles, 93 Tex. 414, 55 S. W. 559, a description quite similar was before the Supreme Court for consideration. The description by boundary lines in that case read:

Beginning point S. 45 W. 906 varas; thence N. 45 W. 555 varas; thence S. 45 E. 550 varas to the place of beginning.

There were but three lines called for in that deed, and the third line, while it calls to run to the beginning, simply runs back on the second. The Supreme Court said:

"It thus becomes obvious that one or more calls have been inadvertently omitted. Running, then, the first two calls, we get two lines at right angles to each other. Recurring then to the beginning point and establishing the last line by reversing the call for its course and by running the distance called for, we get another line at right angles to the first and approximately of the same length as the second. By supplying another line running from the end of the second to the north end of that so established, we complete a parallelogram which contains a fraction of an acre over 87¾ acres—the number called for in the description. It is true that the requisite number of acres may be obtained by running three or more lines between the end of the second line and the beginning of the last; but, if such had been the case, it is highly improbable that they would all have been omitted; while the omission by mistake of the calls for one line in a set of field notes is a matter of not infrequent occurrence. While therefore the proposition that the calls of the description in question correct themselves and show the land intended to be described is not capable of mathematical demonstration, yet that it is true is reasonably certain. Upon such certainty we act in all the highest concerns of life, and it is sufficient for the purposes of the law."

Generally, the cases in which it has been held by the courts that the description of land is insufficient are those in which the land, as given, is an unidentified number of acres out of a larger tract. In Norris v. Hunt, 51 Tex. 609, the defendant claimed title to the property under a sale made by Blocker, United States Marshal, on an execution against J. M. Norris, and the deed executed by Blocker to Carlton. The levy indorsed on the execution describes the land as 640 acres of the L. Dickerson league,

Burleson county. The deed from Blocker to Carlton purported to convey all the interest of Norris in the 640 acres of land situated in said county of Burleson, and being part of the league of land originally granted to L. Dickerson. It was held in that case that parol testimony could not be introduced to aid the description, it being a patent ambiguity.

[2] We recognize the correctness of the rule that where the defect in the description is patent upon the face of the instrument, and is such as does not convey any land described, same is void, and that extrinsic proof cannot be resorted to in order to make certain that which appeareth uncertain from the instrument itself. In the words of Lord Bacon:

"To hold such instrument valid would in effect cause that to pass without deed which the law appointeth shall not pass but by deed."

The deed in the instant case does not purport to convey an undivided part of a larger tract of land, but an entire tract of 226 acres, giving the location as in Tyler county, on the waters of Billums creek, and it does not appear from the face of the deed itself that the land cannot be located by the description. Knowles v. Torbitt, 53 Tex. 557; Flanagan v. Boggess, 46 Tex. 330; Poitevent v. Scarborough, 117 S. W. 445; Anderson v. Casey Swasey Co., 120 S. W. 918; Carlisle Co. v. King, 122 S. W. 586, approved by Supreme Court in 103 Tex. 620, 133 S. W. 242; Wilson v. Smith, 50 Tex. 365.

In Wilson v. Smith, the defendants claimed as purchasers at a sheriff's sale; the description reading: "160 acres of land being a part of the homestead tract of said James Bankston, exclusive of two hundred acres exempt by law." The Supreme Court held that the deed could not be pronounced void upon mere inspection; that it did not appear from the face of the deed that the land conveyed could not be identified by the aid of extrinsic evidence, and authorized such evidence to make certain the description.

[3] We have held that the description of the land corrects itself with reasonable certainty to identify the acreage conveyed by Mrs. Fortenberry to Johnson and Chapman. We are confident that the rule established in Mansel v. Castles, supra, is applicable to this case; but, at any rate, the deed does not show upon its face that the land cannot be located by extrinsic proof, and following the rule announced in Wilson v. Smith, above, we think that the court did not err in admitting extrinsic evidence in support of the description.

Appellants say that perhaps the description in the deed is sufficient, but that the land would be in a parallelogram north of the first line given; that, after running the first line east 1,220 varas, we should go to the beginning corner, and reverse the call of the second line, and run north 1,050 varas and construct the parallelogram based upon the first line and said line running north from the beginning point.

The Supreme Court has not established such a rule. It was merely coincident in the cases cited by appellant that it became necessary to go to the beginning point, and reverse the calls. The court, in these cases, simply supplied one of several conjectural lines, so as to conform, with reasonable certainty, to the description intended.

The evidence shows that Mrs. C. M. Fortenberry's father had conveyed to her 226 acres, with boundaries identical as herein when the two omitted lines are supplied.

Jim Goolsby testified that he knew the William Pool corner, and had run the corners of the tract claimed by Cruse, and ran the line up to the Lewis league, thence south 1,050 varas to the corner, and found the corner; that he found a line running west, parallel with the north line to a corner, and that he ran a line from the corner north to place of beginning; that same were plainly marked all around, and the survey contained 226 acres. He further testified that J. T. Fortenberry, in 1913 or 1914, went with him and showed him these corners, and spoke of it as the Cruse land. It is also shown that the Fidelity Lumber Company had cut the timber in 1913, and the witness Lindsey testified that he was woods foreman for the company, and that the lines were plainly marked, and that the Fortenberrys made no objection to his cutting the same. J. T. and C. M. Fortenberry, the evidence discloses, made no claim to the land from 1879 until 1908, when they executed a deed to their sons, the appellants here.

[4] Appellants' second assignment of error complains of the action of the trial court in admitting in evidence the purported deed from J. T. and C. M. Fortenberry to Chapman and Johnson, for the reason that the acknowledgment of Mrs. Fortenberry was not in compliance with law; it being shown by the statement under said assignment that the certificate of the notary to the deed in question failed to state that Mrs. C. M. Fortenberry was known to the officer or proof was made of her identity.

The certificate in question was made May 2, 1879, and the statute requiring certificates to state that the person acknowledging the instrument was known to the officer did not take effect until September 1, 1879; the law prior to that time not requiring the certificate to recite such facts.

Appellants' third and fourth assignments of error are leveled at the action of the court in admitting the testimony of Jim Goolsby, as above quoted, and has been disposed of above.

There being no error in the record, and it appearing that justice has been done, the judgment of the trial court is affirmed.