**POWELL v. CLARK & COWDEN DRILL-
ING CORPORATION et al.**

No. 5847.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 27, 1941.

Rehearing Denied Dec. 4, 1941.

Jones & Jones and C. A. Brian, all of Marshall, for appellant.

Latham & Latham, of Longview, for appellees.

JOHNSON, Chief Justice.

This suit was filed by W. S. Powell against Clark & Cowden Drilling Corporation and Jeff Carmack. Plaintiff's petition alleges the statutory action of trespass to try title (R.C.S. Title 124, Art. 7364 et seq.) to 21½ acres of land therein described, and that its reasonable rental value is $120 per year, and prays for judgment for title and possession, rents, costs and general relief. Defendants answered by general denial and a plea of not guilty.

On trial of the case, before a jury, the parties in open court agreed and stipulated into the record that the Clements heirs is the common source of title; that the plaintiff owns title to the surface, under a deed executed by the Clements heirs in 1938; that defendant, Clark & Cowden Drilling Corporation owns the oil and gas leasehold estate, under an assignment of an oil and gas lease, which lease was executed by the Clement heirs in 1931; that the field notes in plaintiff's petition cover the land in controversy and are the same as contained in his deed and in the oil and gas lease held by defendant Clark & Cowden Drilling Corporation. Plaintiff introduced his deed evidencing the conveyance to him by the Clements heirs of the surface of the land. He testified in substance that the Gilmer highway runs approximately north and south through the west edge of the land, cutting off a small triangular strip west of the road, on which had been built prior to his purchase a small dwelling house enclosed by a fence approximately 109 x 237 feet; that the four oil wells on the land and the operating machinery including the power house, battery tanks and an employee's dwelling house, are all located on the land east of the road; that the house and enclosure west of the road is now in possession of the defendant Jeff Carmack who lives in the house and works for another company on another lease. Plaintiff also testified as to the rental value of the house and enclosure, and his testimony was in some degree corroborated by other witnesses. It appears that the right to the possession of said house and enclosure is the dispute giving rise to this lawsuit. At the close of plaintiff's evidence, defendants moved the court to peremptorily instruct the jury to return a verdict in their favor. The motion was granted and upon return of the directed verdict judgment was entered that plaintiff take nothing by reason of the lawsuit.

Plaintiff filed a motion for new trial which was overruled, whereupon plaintiff duly perfected an appeal to this court.

■ Appellant has filed fourteen assignments of error, contained in his brief, in this court. Appellees by counter propositions contend that the only two assignments of error contained in appellant's motion for new trial, being to the effect that the action of the trial court in granting defendants an instructed verdict "is contrary to the evidence" and "is contrary to the law," are too general and are insufficient as assignments of error; that since appellant did not appeal directly from the action of the trial court in directing the verdict against him but filed a motion for new trial and appealed from the order overruling same, he is confined to the defective assignments of error attempted to be alleged in the motion for new trial, and may not file additional assignments of error in this court, and for that reason none of the fourteen assignments of error contained in appellant's brief can be considered. We do not agree with the contention. Rule 24 for the Courts of Civil Appeals, as amended December 9, 1936, effective March 1, 1937, 99 S.W.2d XXIX, controlling in this appeal, provided, among other things, that a ground of error not distinctly set forth in a motion for new trial shall be considered as waived "except in those cases wherein a motion for new trial is not required under amended Rule 71–a for the District and County Courts." Said amended Rule 71–a, among other things, provided that a motion for new trial is not required where " * * * the case is tried before the court without a jury, or a peremptory instruction is given in the case * * *." In Neeley v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, where the case was tried before the court without a jury and a motion for new trial, similar in language to that here involved, was filed by the losing party, heard and overruled by the court, and became an essential part of the predicate for the appeal, it was held that the appellant was not confined to the errors assigned in his motion for new trial. Upon the reasoning set forth in that case, we have concluded that in the present case, where judgment in the trial court was entered upon a verdict peremptorily instructed, that appellant is not confined to the errors assigned in his motion for new trial.

■ In this state a petition (as filed in the present case) limited to the statutory form of trespass to try title puts in issue both the title and the right of possession to the land involved. R.C.S. Art. 7391. The agreement and stipulation made in open court by all the parties and entered into the record admitted that plaintiff, appellant here, owned title to the surface. The issue remained as to whether or not the evidence was sufficient to show that appellant was entitled to possession of any part of the land. Since the evidence may not be the same on another trial, we shall not discuss its effect further than to say that it was sufficient to go to the jury as to the 109 x 237 foot enclosure and dwelling house now in possession of defendant Jeff Carmack who worked for another company on another lease, and who, in so far as the record here shows, was a naked trespasser on the premises. Regardless of whether he showed himself entitled to possession of any part of the land, appellant was entitled to judgment establishing his title to the surface of the land, which admittedly he owned. The judgment as entered decreed that appellant recover nothing by reason of his suit. Where the action alleged is one of trespass to try title and the answer is by plea of not guilty, a judgment decreeing, as here, that plaintiff recover nothing by reason of the suit, is in effect an adjudication that all title and right of possession to the land involved is in the defendants, and is equally as effective for that purpose as a judgment expressly vesting such title and possession in the defendants or as a voluntary conveyance. Permian Oil Co. v. Smith, Tex.Civ.App., 73 S.W.2d 490; Id., 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1175. So, the judgment entered by the trial court, if allowed to stand, would divest plaintiff and vest in defendants the title admittedly owned by plaintiff. Clearly, the judgment is erroneous.

The judgment of the trial court will be reversed and the cause remanded.