**HUTCHISON et al. v. EAST TEXAS OIL CO.**

No. 11436.

Court of Civil Appeals of Texas. Galveston.

Oct. 15, 1942.

Rehearing Denied Jan. 7, 1943.

Jas. G. Donovan, Andrew M. Fossler, and Glenn A. Perry, all of Houston, for appellants.

P. F. Graves, of Houston, for appellee.

GRAVES, Justice.

This appeal—in a straight trespass to try title suit—is from a judgment of the 127th District Court of Harris County, divesting the appellants of any interest therein and investing the appellees with full title to and right of possession of 185 acres of land out of the Victor Blanco five-league grant on the west bank of San Jacinto River in Harris County, entered on February 3, 1942, in response to the appellee's motion therefor on January 24, 1942, granting the appellee such judgment, non obstante veredicto; this final action proceeded from a holding that appellee's prior motion for peremptory instruction, regularly made at the close of all the evidence before a jury then in attendance, which at that state was overruled, had been well taken, and should, instead, have been granted; that is, this judgment non obstante veredicto was so rendered by the court in appellee's favor after it had previously received a jury's attempt to answer three special issues of fact submitted, and had discharged it—only one of the inquiries having been answered, with a report that neither of the others could be agreed upon.

■ Appellants are inept in their view that there was anything irregular in either procedure or sequence in such action of the court, or that there was any further trial or hearing of evidence in the cause, after the discharge of the jury.

■ In other words, the unimpeached recitals of the appealed-from judgment itself, which accordingly is binding upon appeal, authoritatively show that the trial court, after such discharge of the jury, concluded upon the facts found from the evidence heard before the jury that an instructed verdict for the appellee would have been proper and should have been granted, when made at the close of the evidence and before the jury's action had been returned into court.

The judgment as so rendered is supported by extended findings of fact, from which the court deduced these conclusions of law:

"(1) The deed from W. E. Hutchison and wife, Catherine, to Walter T. Wilson, Trustee, dated December 5, 1881, covered and embraced the land in suit and passed the legal title thereto to said Wilson, Trustee, which is now held by plaintiff herein.

"(2) The conveyance from Augustus F. Kountze to East Texas Oil Company of New Jersey, dated December 3, 1902, referred to in Finding No. 11, passed any interest in Barclay W. Kountze, or those claiming by, through, or under him.

"(3) Any right, title, or interest, that defendants or any of them may have had passed to Frank V. and E. L. Bender by the 'Take Nothing' judgment against plaintiffs and in favor of defendant-Benders, rendered November 2, 1913, in Cause No. 57,268, in the District Court of Harris County, Texas, styled Edwin DeZ. Hutchison et al. v. East Texas Oil Company et al., and all of such right, title, or interest, passed by deed from Frank V. and E. L. Bender to said East Texas Oil Company, and by mesne conveyances from it to East Texas Oil Company of Texas, plaintiff herein.

"(4) The evidence shows that plaintiff has good, valid, and superior title to the land involved in this suit, under the five-year statute of limitations."

■ Appellants attack this determination—adverse to them—in some ten points, the first one of which is grounded upon their erroneous view that there was a further trial of the cause, in the sense that additional evidence and argument therein had been heard by the court subsequent to the discharge of the jury, and that the court had entered judgment on the verdict; obviously, in the recited condition of the record, this presentment cannot be sustained. There was no judgment on the verdict, and it was clearly the court's prerogative to set aside the at-

tempted one and render its own decree in appellee's favor, if its conclusion that an instructed verdict should have been ordered, in the first instance, was sound. R.S. Article 2211, as amended, Vernon's Ann.Civ.St. art. 2211; 25 Tex.Jur., Judgments, pars. 111, 112, pp. 497 et seq; Sovereign Camp v. Shuford, 132 Tex. 376, 124 S.W.2d 341; Foster v. National Bondholders Corp., Tex.Civ.App., 123 S.W.2d 506; James v. Texas Ass'n, Tex.Civ.App., 98 S.W.2d 425; Walters v. Southern Co., Tex.Civ.App., 113 S.W.2d 320; Stallings v. Federal Exchange, Tex.Civ.App., 108 S.W.2d 449; Gonzalez v. Alianza Hispano, Tex.Civ.App., 112 S.W.2d 802; Bewley Mills v. First Nat'l Bank, Tex.Civ.App., 110 S.W.2d 201; Bacle v. Pickens, Tex. Civ.App., 78 S.W.2d 260; Handy v. Olvey Oil Co., Tex.Civ.App., 68 S.W.2d 313; Waitz v. Uvalde Rock Asphalt Co., Tex. Civ.App., 58 S.W.2d 884; Hamilton v. Travelers Ins. Co., Tex.Civ.App., 116 S.W. 2d 414.

It is, therefore, this court's conclusion that the correctness of the judgment as rendered depends upon whether or not the court's fully stated findings of fact, upon which it based the quoted conclusions of law, were sufficiently supported by the evidence heard. If they were, then an instructed verdict would not only have been proper, but it would have been improper to do anything else.

After an examination of the statement of facts, no lack of support for any of the determinative findings has been made to appear.

In the first place, the court uncontrovertedly found that W. E. Hutchison and his wife, Catherine Hutchison, of whom these appellants were all the children and the sole surviving heirs, were the common source of title to this land between the parties.

▉ That being so, it was only necessary for the appellee to show that a better title had emanated from them to it than to appellants, and not generally "to prove a superior title to said property, either title of record, or by limitation", as appellants' second point puts it. Vernon's Texas Rules Civ. Proc., Rule 798; 41 Tex. Jur., Trespass to Try Title, par. 43 (Sub. 3), footnote 6, and cited cases, par. 57, and footnote cited cases.

▉ In the next place, the court specifically found—on conclusive evidence—not only that the better title but indeed all of the title of appellants' parents in this tract of land had gone from them into appellee's predecessor in ownership thereof, further that appellee had also shown a title thereto under the five-year statute of limitation against the world; and still, further, on like support, that the deed in question from such common source to Wilson, Trustee, covered and conveyed the particular tract here involved, that any title appellants may have ever had therein had passed to the Benders by the "take Nothing" judgment, in which the appellants had been the unsuccessful plaintiffs, consequently were bound by such an ending of what they themselves had begun, and that such title through the Benders had passed down into this appellee. Permian Oil Co. v. Smith, Tex.Civ.App., 73 S.W.2d 490; Id., 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1175; Powell v. Clark, Tex. Civ.App., 157 S.W.2d 168; Houston Oil Co. v. Village Mills Co., Tex.Com.App., 241 S.W. 122; Tex.Jur., Vol. 26, pp. 88, 297.

It is not required of this court, nor would any needful purpose be subserved thereby, to recapitulate, nor even make a resume of, the evidence upon which the learned trial court made the stated findings, but much of it appears in the findings themselves and those are conclusively supported by the greater bulk of it that saturates the extended statement of facts; indeed, the initial findings referred to are to the effect that, in open court, in argument on the appellee's motion for judgment non obstante veredicto, counsel for appellants admitted that appellee held the superior title to the land here involved, provided (a) the deed from their parents to Wilson, Trustee, of December 5, 1881, when properly construed, covered and embraced it, and (b) that the deed from A. F. Kountze to East Texas Oil Company of New Jersey, dated December 3, 1902, passed to it any interest in this land that might have been vested in Barclay W. Kountze; wherefore, the trial court in its exhaustive findings, based on the compelling effect of the contributing evidence, having properly found that neither of the stated provisos stood in the way, appellants would seem to have admitted themselves out of court.

At any rate, it is here held that the vast body of undisputed testimony lying back of each and all of the stated findings did put them out of court, and did make it mani-

fest that they now have no right, title or interest, in this tract of land, as against the appellee.

■ As indicated, under the common source rule, it was not really incumbent upon the court below, after finding as a matter of law that any interest appellants' parents may have had in the land had long since passed into the appellee's chain of title, to further go into the latter's claim for title also under its five-year plea of limitation, but it did do so, and proof of that additional right in the appellee to the judgment rendered is almost without a cloud; that is, the appellee proved up all the incidents necessary to mature its claim of title under that statute by showing an undisputed possession through its tenants of this land under recorded deeds thereto for the specific period from July 30, 1917, to July 31, 1922, together with proper payment of all taxes thereon for each of those consecutive years; that showing alone, which was not undermined by any evidence of probative force, was sufficient to support the judgment in appellee's favor.

■ Moreover the appellants' assertion of a left-over interest in this land from their parents seems to have been solely based upon a claim that in their deed of December 5, 1881, to Wilson, Trustee, their parents had—by the particular description in that deed—intended to and in legal effect had reserved from that conveyance about 190 acres, which constituted the land here in controversy; that, in consequence, the title thereto had never passed out of them. The call in the description they refer to is as follows: "Thence down the margin of said river with its meanders to the N. W. Corner of the Andrews Survey."

But the trial court found that the call for the East line of the large tract that was thus recited to run down the San Jacinto River with its meanders "to the N. W. corner of the Andrews Survey", had been an obvious error, and that, instead of the Northwest corner, which was an impossible position, the recital should have been the Northeast corner instead. In epitome, that finding was thus expressed:

"W. E. Hutchison must have known at the time of his conveyance to Walter T. Wilson, Trustee, on December 5, 1881, that the 'N.W.' corner of the George Young tract, was not on the San Jacinto River."
* * *

"He must have known, if the deed as actually executed by him and wife to Wilson, Trustee, gave the East boundary line of the tract as shown by the record thereof, as going down the San Jacinto River with its meanders to the 'N.W.' corner of the Andrews Survey or tract, that same was erroneous in that call."

In reaching such conclusion, the court was not only supported by the overwhelming body of convincing proof tending to make that the only reasonable one to arrive at in the circumstances, but was also applying the rule of decision established by our courts in such circumstances. Pointevent v. Scarborough, 103 Tex. 111, 124 S. W. 87; Mansell v. Castles, 93 Tex. 414, 55 S.W. 559; Miller v. Hodges, Tex.Com. App., 260 S.W. 168; 8 R.C.L., page 1074; Fortenberry v. Cruse, Tex.Civ.App., 199 S.W. 523; Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073; Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690; Rhoden v. Bergman, Tex.Civ.App., 75 S.W.2d 993, writ of error refused; Blackwell v. Scott, Tex.Civ.App., 223 S.W. 334; Walker v. Bailey, Tex.Civ.App., 69 S.W.2d 780.

■ In elucidating the rule applied in these stated holdings, the courts explain that the effort is to arrive at the intention of the parties by considering all the circumstances under which the deed was executed, "not to add to or modify the description in the instrument, but to explain the calls therein and apply them to the subject matter."

The briefs of the parties here run far afield, the record is heavy, and many collateral questions are discussed; but the controlling issues are thought to have been admirably summarized in the trial court's quoted conclusions of law, and the overwhelming state of the evidence in the record is found to have furnished a support for each and all of them, under our authorities. The judgment will, therefore, be affirmed.

Affirmed.