Charles W. SCALING et al., Appellants,

v.

George BEGGS et al., Appellees.

No. 13540.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1960.

Rehearing Denied March 16, 1960.

Fischer, Wood, Burney & Nesbitt, Tracy N. DuBose, Corpus Christi, Lattimore & Lattimore, Fort Worth, for appellants.

Lattimore & Lattimore, Fort Worth, for appellees.

MURRAY, Chief Justice.

This is a double appeal. Charles W. Scaling and others, plaintiffs below, appealed from the judgment because it denied to them a recovery of one-half of all the oil, gas and other minerals in and under and that may be produced from a tract of land containing about 151.67 acres, situated in San Patricio County, adjacent to the City of Portland, Texas, and fully described in the pleadings. George Beggs and others, defendants, appealed because the judgment awarded plaintiffs a recovery of one-half of the oil, gas and other minerals in and under 34.75 acres out of said 151.67-acre tract, known herein as Tract No. Two.

Originally, the 151.67-acre tract belonged to Claude G. Arnold and his mother, Jennie Arnold. Later Jennie Arnold died and left her son, Claude, and his wife, Christina C. Arnold, as her sole heirs and beneficiaries. Thus Claude G. Arnold and his wife became the owners of the 151.67-acre tract, subject to an incumbrance to George Beggs. The plaintiffs are the children and heirs of Claude and Christina Arnold. The defendants are, George Beggs, Jr., appearing individually and as independent executor of the estate of his deceased wife, Francine Beggs, George Beggs, III, and James Anderson, Trustees of the George Beggs Trust, and George Beggs, III, as the independent executor of the estate of Francine Beggs, deceased.

To determine who are the owners of the undivided one-half of the oil, gas and other minerals underlying the 151.67-acre tract here in dispute, we find it necessary to construe three written instruments.

The suit was in trespass to try title and for a declaratory judgment that the defendants hold a one-half mineral interest in said 151.67-acre tract as trustees for plaintiffs, and further that plaintiffs are the owners of one-half of $19,821, which George Beggs had theretofore collected as a bonus for an oil and gas mining lease on said land. The tract involved was a farm consisting of eight contiguous but separately described tracts.

The trial was to the court and judgment was rendered in favor of plaintiffs for one-half of the minerals in Tract No. Two, but judgment was denied them as to the minerals in the other seven tracts, and the court refused any money decree to the plaintiffs. The trial court filed its findings of fact. Both sides gave notice of appeal from that part of the judgment that was unfavorable to them.

The plaintiffs, by agreement of the parties, have assumed the role of appellants herein, and defendants, of appellees, at least insofar as briefing is concerned.

Appellants' first contention is that the court erred in not awarding to them the minerals in Tract 1, and Tracts 3 to 8, inclusive. We overrule this contention.

The evidence shows that George Beggs held a mortgage on the 151.67-acre tract, and that the owners were unable to pay off the mortgage. An agreement was reached whereby Jennie Arnold and Claude G. Arnold and his wife, Christina C. Arnold, executed a deed to the property and delivered it to escrow agents, to be held by them for fifteen months, and if the indebtedness against the land had not been paid during that time the deed was to be delivered to George Beggs. The parties further executed an escrow agreement, which they delivered along with the deed to the escrow agents, and in this agreement it was provided that the Arnolds were retaining one-half of the minerals underlying the 151.67-acre tract. The trial court held that when the deed and the escrow agreement were construed together, they were sufficient to show that the Arnolds had retained one-half of the minerals underlying the entire tract.

The real question is, Did Claude and Christina Arnold convey this reserved mineral interest to George Beggs when they subsequently, on December 23, 1932, exe-

cuted a quitclaim deed to him containing, among others, the following provision?

"Now, Therefore, for and in consideration of the premises and One Dollar cash in hand paid, the receipt of which is hereby acknowledged, we, Claude G. Arnold and Christina C. Arnold, do hereby acknowledge that all of the terms of the escrow agreement were fulfilled and that the delivery of the deed by E. W. Taylor and Thos. R. Anderson to George Beggs as aforesaid was in full compliance with the understanding of the parties, and we do here now confirm and ratify the delivery of said warranty deed to George Beggs as aforesaid; and we waive in favor of George Beggs any and all conditions as were understood in said escrow agreement and do here now acknowledge that said conditions have been fully satisfied; and we, Claude G. Arnold and wife, Christina C. Arnold, do by these presents quit claim unto the said George Beggs all our and each of our right, title, interest, claim and demand in and to that certain tract of land situated in San Patricio County, and described as follows:

"Being eight tracts of land, * * *."

This language clearly included the one-half mineral interest that had theretofore been reserved in the escrow agreement dated August 31, 1931.

Appellants contends that it was never the intention of the parties to convey their one-half mineral interest, that their intention was only to give approval to the delivery by the escrow agents of the original deed to George Beggs. Appellants undertook to show this limited purpose by extraneous oral statements, but such hearsay statements were properly excluded by the trial court.

Appellants contend that George Beggs was a trustee and, therefore, owed to de-fendants the duty of "full information given by the trustee and an adequate consideration," citing Connolly v. Hammond, 51 Tex. 635, and Benton v. Martin, Tex.Civ.App., 244 S.W.2d 930.

We cannot agree that the execution of the quitclaim deed by the Arnolds to George Beggs was a transaction between a trustee and his cestui que trusts. It is true that the original deed provided that George Beggs should have the exclusive right to lease the tract conveyed, and in making such a lease he would be required to act with the best of good faith with reference to the holders of the one-half, non-participating mineral interest. However, in a transaction between George Beggs and the Arnolds, whereby he acquired their undivided one-half of the minerals, he was not acting as a trustee and the parties were dealing with each other on equal footing. The evidence fails to show that the Arnolds were fraudulently induced by George Beggs to execute the quitclaim deed and it cannot be set aside on the grounds of fraud.

The evidence also fails to show that there was no consideration for the quitclaim deed. The trial court found that there was no consideration for the quitclaim deed, yet he refused to set it aside. The quitclaim deed recited: " * * * for and in consideration of the premises and One Dollar cash in hand paid, the receipt of which is hereby acknowledged, * * *." The recital of a consideration in an instrument of conveyance is prima facie evidence of its amount and the payment thereof, and the burden of proof is on the party who controverts it. Jones v. Humble Oil & Refining Co., Tex.Civ. App., 114 S.W.2d 398. Appellants did not offer any admissible evidence that there was no consideration for the quitclaim deed. Under such circumstances, its execution, delivery and recital of a consideration were sufficient to show a consideration. Rogers v. Rogers, Tex.Com.App., 15 S.W.2d 1037.

This brings us to a consideration of the description of the "Second Tract" in the quitclaim deed. The trial court construed three instruments, (1) the warranty deed dated August 31, 1931, from Jennie Arnold, Claude G. Arnold and wife, Christina C. Arnold, to George Beggs; (2) the contract of the same date, between Jennie Arnold, Claude G. Arnold and Christina C. Arnold, and George Beggs; and (3) the quitclaim deed, dated December 23, 1932, from Claude G. Arnold and Christina C. Arnold to George Beggs, and determined that the interest acquired by George Beggs under the warranty deed was subject to the mineral reservation contained in the contract, but that the quitclaim deed conveyed all of such reserved mineral interest to George Beggs, except the portion thereof which applies to the 34.75-acre tract, known as Tract 2; that the description of Tract 2 was so fatally defective as to render it void and of no effect. We do not agree that the description is fatally defective. It is apparent from the four corners of the quitclaim deed that the parties were attempting to describe the same 151.67 acres of land as was described in the warranty deed. It is also apparent that two mistakes were made in the description of Tract 2 in the quitclaim deed. First, after the 1,377 ft. west call, it is erroneously stated, to the *S*.W. corner of this tract. This should have been to the *N*.W. corner. Second, the call, "south 1100 ft. to a stake for the S.W. corner of this tract," is entirely omitted. When these two errors are corrected, the description of Tract 2 in the quitclaim deed is the same as the description of that tract in the warranty deed. If the corrections are not made the calls describe nothing other than a line. In making the above two corrections, you have the following things to suggest them: the description in the warranty deed; the acreage of 34.75 called for; the fact that by supplying the second call you have a parallelogram containing the correct amount of acreage, and without the corrections no acreage at all is described;

and, further, by reversing the calls, three sides of the parallelogram can be located.

Randolph S. King, a licensed surveyor, who has been County Surveyor of San Patricio County for the past eighteen years, testified that it was obvious a call had been omitted from the description in the quitclaim deed. He further testified, in substance, that by running the first call he would establish the true northwest corner of the tract, and that by reversing the remaining calls he would be able to establish three sides of the tract, and by supplying the remaining line, thus completing the parallelogram, he would have the complete description of Tract 2. Since the description contained the number of acres in the tract, he would use this information to verify the accuracy of the description as constructed by him. The correct description of Tract 2 should be determined in the manner above stated. Fortenberry v. Cruse, Tex.Civ.App., 199 S.W. 523; Poitevent v. Scarborough, 103 Tex. 111, 124 S. W. 87; Mansel v. Castles, 93 Tex. 414, 55 S.W. 559.

The trial court erroneously held that the description in the quitclaim deed was not sufficient to convey the retained minerals under Tract 2, and that part of the judgment will be reversed and judgment here rendered that plaintiffs below, Charles W. Scaling, individually and as independent executor of the estate of Christina Beggs Arnold, and his wife, Martha Mae Scaling, Clara Arnold Gardner and husband, Rollins Gardner, Claude Gordon Arnold, Jr., and Robert Beggs Arnold, take nothing of defendants below, George Beggs, individually and as independent executor of the estate of his deceased wife, Francine Beggs, George Beggs, III, and James Anderson, trustees of the George Beggs Trust.

The trial court properly held that the above named plaintiffs were not entitled to recover the minerals underlying the remaining Tracts 1 and 3 to 8, both inclusive,

and that part of the judgment will be affirmed.

The trial court adjudged the trial court costs against George Beggs, III, and James Anderson as trustees. This part of the judgment will be reversed and judgment here rendered that the above named plaintiffs, who are both appellants and appellees here, pay all costs of this Court and the court below.

Affirmed in part; reversed and rendered in part.

### On Motion for Rehearing.

Appellants in their motion for a rehearing have called to our attention that in line two of page 4 of our original opinion [334 S.W.2d 212], we stated that "the original deed provided that George Beggs should have the exclusive right to lease the tract conveyed, * * *," when in fact such provision is found in the escrow agreement. We are glad to acknowledge this error and to stand corrected.

The provision contained in the escrow agreement reads as follows:

"It is further understood and agreed that in case said title by virtue of the premises, vests in the said George Beggs, than and in that event the said parties of the first part shall be entitled to one-half of all the oil, gas and other minerals in, underlying and that may be produced from said land described in said deed, with the express understanding however that the said George Beggs shall have the power and he is hereby constituted our attorney-in-fact, to execute oil and gas leases thereon, royalty deeds with reference thereto, and to make any and all contracts necessary and proper for the management and control of said mineral interests, which management and control shall and is hereby vested in said party of the second part."

We have carefully considered appellants' motion for a rehearing and, with the exception of the above correction, it is in all things overruled.