## No. 2284.

## Charles Bond v. The State.

1. BURGLARY AND THEFT.—CHARGE OF THE COURT.—In a trial for burglary and theft of oats from the premises entered, it was in proof that oats were found in the defendants's crib, and that he told the searching party that he had bought them from one B. In his defense he relied upon his alleged purchase, and adduced evidence in support of it. The trial court properly instructed the jury with regard to opportune explanation of the possession of recently stolen property, but wholly ignored the defense of purchase relied on by the accused. *Held*, that the charge was insufficient. The defendant denied that the oats found in his crib were stolen, and, on the contrary, claimed to have purchased them; and to this defense the instruction was not directly relevant, as it should have been.

2. SAME.—It is the right of a defendant to have the charge of the court make a distinct and affirmative presentation of his issues to the jury, and to have them determined by the jury alone.

APPEAL from the District Court of Gonzales. Tried below before the Hon. George McCormick.

The indictment was joint against Dan Cochran, Allen Shuler and this appellant, and charged them with the burglary by force of an outhouse belonging to W. N. Bond and H. P. Bond, with intent to steal therefrom fifteen bushels of shelled oats. The date of the alleged offense was October 1, 1884. On the separate trial of appellant, in January, 1887, he was convicted, and a term of two years in the penitentiary was assessed as his punishment.

For all practical purposes, the opinion sufficiently states the case.

*Fly & Davidson*, for the appellant.

*Walter Weaver*, for the State.

WHITE, PRESIDING JUDGE. When the oats alleged to have been stolen were found in defendant's crib, defendant told the searching party that he had bought the oats from one Jim Bond, and it was in proof by the testimony of Jim Bond, Kemp Bond

and Chas. T. Rather, that, in the months of August and Septem-just preceding the alleged burglary (first of October), Jim Bond had purchased as much as eleven bushels of oats of Rather, most of which he let appellant have.

On this state of facts there were clearly two theories; for the State, that the oats found were taken from the burglarized premises; for the defense, that defendant had purchased them. The only defense relied upon, as we read the evidence, was a purchase. This theory was not directly submitted as part of the case in the charge of the court to the jury. It is true that the court properly instructed the jury with regard to explanations made by a defendant when found in possession of property recently stolen (Miller alias McCain v. The State, 18 Texas Ct. App., 34; Windham v. The State, 19 Texas Ct. App., 413); but defendant denied that the property was stolen, and, on the contrary, positively claimed to have purhased it.

It is a well settled rule in criminal practice that "a defendant is entitled to have a distinct and affirmative presentation to the jury by the charge of the court of the issues which arise upon the evidence, to the end that the jury shall not ignore his defenses, but may be guided to the proper verdict if they find his evidence true; and, however improbable his evidence may seem to the trial court, it is his right to have its truth or falsity determined by the jury without being forestalled by the charge of the court." (White v. The State, 18 Texas Ct. App., 57; Irvine v. The State, 20 Texas Ct. App., 13; Herron v. The State, Id., 296.)

Because the charge of the court failed to present the law pertinent to the only defense relied upon by appellant on his trial in the lower court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*