Joe S. GUNTER et al., Appellants

v.

D. M. HENDERSON et al., Appellees.

No. 10626.

Court of Civil Appeals of Texas.

Austin.

Jan. 14, 1959.

Rehearing Denied Feb. 4, 1959.

James F. Parker, James F. Parker, Jr., Beaumont, for appellants.

Powell, Rauhut, McGinnis & Reavley, Austin, for appellees.

ARCHER, Chief Justice.

Appellants brought this suit for the title and possession of a tract of approximately 8 acres located in Jasper County, Texas, and

"Being out of and a part of Abstract No. 831 H. & T. C. Ry. Co. Sec. No. 62, and a part of the S. E. ¼ of said Sec. 62, and being a part of the same land sold by F. M. Richardson, T. S. Richardson and A. J. Richardson to J. S. Gunter." The tract was described by metes and bounds.

The action was in the nature of a boundary suit involving the location of the east line of the Gunter 38 acre tract and the west line of the J. S. Richardson 47 acre tract, the common source of title being F. M. Richardson. The construction of the description in the two deeds was involved, and the controlling question is the proper location of the east line of the Gunter.

Trial was before the court without a jury, and judgment was rendered for appellees and that appellants take nothing.

The appeal is before this Court on fourteen points to the effect that the court erred in not rendering judgment for appellants because the undisputed facts showed that the land was free from any conflict with the appellees' land; in failing to find that the location of the northwest and southwest corners of the Wright 10 acre tract were established as of May 27, 1915; in failing to find that the west line and west corners of the 10 acre tract as called for in the J. S. Richardson deed were identical with such line and corners as shown on Exhibit D–4 by letters "A" to "D"; in failing to find that the J. S. Richardson 47 acre tract was not surveyed on the ground, and that the southwest corner of the 47 acre tract must be located by course and distance from the southwest corner of the 10 acre tract; in holding that all landmarks and

signs on the ground prove to be as found by surveyor DuBose; in holding that the west line of the 47 acre tract was to be located by an erroneous call for distance called for in the later deed to Gunter; in holding that the call for a distance of 473 varas must be rejected; in holding that the call of 250 varas is correct; and in holding that the DuBose line gives best effect to the intention of the grantor F. M. Richardson.

We are inserting herein a map, D–4, prepared by surveyor DuBose:

The court made findings of facts and conclusions of law in brief as follows:

That the plaintiffs established a title to the tract described in the deed from F. M. Richardson to J. S. Gunter as set out in the field notes.

That the call for the south line of 473 varas is an evident mistake and must be rejected.

The call for 250 varas on the north line was correctly stated by the grantor.

That the line established by surveyor DuBose as the east line of the Gunter tract is true and correct.

That the line established by surveyor DuBose, indicated on the map by figures 2 and 3 as the west line of the land formerly owned by J. S. Richardson, is true and correct.

That all landmarks and signs on the ground prove the true and correct boundary line to be at the location as found by DuBose.

That the field notes in the deed to J. S. Gunter constitute the most reliable proof of its location on the ground.

That the boundary line as located by DuBose gives best effect to the intention of the grantor, F. M. Richardson, as determined from the description of the deeds.

That the tract of land in plaintiffs' pleading is not within the tract described by the deeds in their chain of title.

That there was no specified or expressed boundary agreement between J. S. Richardson and J. S. Gunter as to the location of the west line of the Richardson tract and the east line of the Gunter tract, nor is there any evidence of a need for such agreement since the record indicates no uncertainty or any dispute as to the location of the line until a dispute immediately before the present suit.

As a matter of law the court concluded that plaintiffs failed to locate either their east line or defendants' west line unless it is where defendants located it; that plaintiffs failed to present evidence by which the line can be exactly ascertained, and no title was proved by plaintiffs to the land sued for, and that defendants are entitled to judgment.

The appellants objected to the findings and requested others.

The court made additional findings of fact as follows:

That the deed from F. M. Richardson to J. S. Richardson, by its terms and field notes, conveyed the land therein described and set out the description.

That on July 21, 1926 J. S. Gunter bought from F. M. Richardson a tract of land, bounded on the south by the Railroad right of way, on the west by the Bean tract, on the north by the Howell tract, and on the east by the west line of the J. S. Richardson tract.

That the line of the Railroad right of way as located by DuBose on the map is the correct line.

There is insufficient evidence to establish the location on the ground on May 27, 1915 of the northwest corner, the southwest corner of the west line of a 10 acre tract in the name of Arden Wright.

The court overruled a motion for additional findings of fact.

We shall as briefly as we can review the testimony:

On May 27, 1915, F. M. Richardson conveyed to J. S. Richardson a tract of land fully described, but we shall use only such parts of the field notes as described the tract:

"Beginning * * * S. W. corner of a ten acre tract:

Thence S. 69 deg. 30' W * * * 475 varas to a stake for corner;

Thence N. 648 varas to a stake in the S. line of * * * J. D. Howell;

Thence S 470 varas to * * * corner of the Arden Wright ten acre tract;

Thence S 3 deg. W with the W line of the * * * Wright Survey 480 varas to the Place of Beginning * *."

On July 21, 1926 F. M. Richardson conveyed to J. S. Gunter 38.6 acres, more or less, bounded as follows:

"That certain tract or parcel of land, a part of the F. M. Richardson 160 acre survey, same being the S. E. ¼ of Section 62, H. & T. C. R. R. Co.;

"Beginning at a stake in the South line of a tract heretofore sold to Dan Howell, same being the N. E. corner of the J. S. Richardson tract;

"Thence South with Richardson's East line 648 varas to a stake in the North line of Jasper-Eastern right-of-way;

"Thence South 69 deg. W. with the said line 473 varas to a stake in the West line of said F. M. Richardson 160 acre survey;

"Thence North with said line 700 varas to the Southeast corner of the Dan Howell tract;

"Thence East with his South line 250 varas to the place of beginning."

Appellants' position is that in order to show the proper location of the Gunter land they must first show the true location of the 47 acre tract, particularly its west line. This they attempt to do by reference to the calls in the deeds, testimony of their witnesses, one of whom is surveyor J. E. Ellison who testified as to surveying he had done on the Gunter lines and the Richardson 47 acre tract, and exhibited a map which we omit because the appellants make full use of the one introduced by appellees and hereinabove inserted.

In making his survey Mr. Ellison said he began at the southwest corner of the ten acre tract and ran south 71 degrees and 34 minutes west at 475 varas set a stake, and continued on at 357.8 varas and hit the west line of the 160 acre tract, then north 1 degree and 45 minutes east at 766.76 varas to a small stake, then east at 250 varas found a marker and corner of a new fence. Then went back to the southeast corner of the Gunter land and ran north 653.24 varas to a point in the south line of the Howell tract, which was 65 varas east of the concrete marker. From that point he ran east 481.37 varas to the northeast corner of the J. S. Richardson tract, then went back to the northwest corner of the Gunter land, and ran out the Howell tract, found a stake at the northwest corner, then ran east to the northeast corner of the Howell and found a well recognized corner there, then ran south 1 degree and 45 minutes east 486 varas to the north boundary line of the J. S. Richardson. In running the east line of the Gunter the surveyor found one tree with old marks, still standing, and found at the northeast corner of the Gunter a piece of two-by-four. The surveyor testified further that the marker he found at a point 250 varas east of the southwest corner of Howell tract was new and there was a new wire fence running south and east.

Mr. Ellison identified a map which he made in 1957, and which showed the Henderson 47.48 acres, and showed that the Gunter tract had 41.17 acres.

On cross examination surveyor Ellison testified that the timber was heavier on the Henderson land; that he did not hear of any complaint or controversy between the adjoining landowners concerning the particular line until Mr. DuBose ran the line, and then from Joe Gunter, and that he was employed to survey the line and in trying to locate Gunter's east line he did not use the call for 250 varas and did not use the call for the south line, but ran a line 316 varas from the north line and scaled the south line at 357.8 varas.

The surveyor further testified as to surveying done for a Mrs. Thompson some eight years prior but not completed, who said she claimed 12 acres.

Further testimony was given as to an old fence line and a black gum tree with marks.

The witness testified that he measured the north line of the Richardson to be 492 varas, the deed calling for 480, and ran the east line as 504 while the call was for 480, and found the west line to be longer than the deed called for; that in running the south line he stopped on the deed call of 475 varas, and accepted that as a corner and ran the Gunter land off.

Mrs. J. S. Gunter testified as to the purchase of the land and as to its use and as to corners pointed out to her by Mr. Gunter, and at the southeast corner there were three pines, which were cut down when a road was built.

Mr. Henderson, one of the defendants, testified as to the purchase of lands from the heirs of J. S. Richardson and others, and the Richardson tract was described as 55 acres, and of a survey by W. W. DuBose, and the construction of a fence.

W. Carl Richardson, a son of J. S. Richardson who died March 16, 1916, testified that the first time he heard of any difference of opinion as to the line was in 1957 after the fence was put up and that Joe Gunter pointed out the line he claimed and on cross examination as to fields and improvements.

Joe S. Gunter, one of the plaintiffs, testified as to his knowledge of the boundary lines of the Gunter tract, and of certain correspondence with Mr. Henderson concerning the building of the fence, and as to the sale of timber before the witness got the land, and on cross examination stated that he did not know definitely where the boundary was because there were no corners between him and the Richardson tract.

The defendants called W. W. DuBose, a surveyor, who testified that Exhibit D-4, a map, was made under his supervision and correctly represented what he found on the ground; that he began his survey in November, 1955, of what was to be called a 47.6 acre tract, about which he knew very little, but did know where the northwest corner of the Gebhart survey was; that at the northwest corner of the Gebhart survey there was a stake and a broken piece of concrete near the old F. M. Richardson fence corner which he marked (1) on exhibit D-4. The surveyor said he had with him field notes of the patent, the Howell, F. M. Richardson, Bean, and Section 63, and of the Gunter, J. S. Richardson and the Arden Wright tracts; that he ran east 250 varas, the called distance of the Gunter tract, and found a little pine knot stake driven in the ground with red paint on top and a piece of broken concrete, and continuing on following an old fence line which played out just before he got to where the 250 varas corner was; that he continued on the called distance of the Howell tract, at approximately where he found the corner in previous years, and continued on to the northwest corner of the Arden Wright tract and at 950 varas found the county line, the northeast corner of the Gebhart survey, and then went back to the Arden Wright northwest corner and ran a course south 3 degrees and 3 minutes west down an old fence line a distance of 504.85 varas to a corner on the south side of the Highway and the north line of the railroad; that from that point he ran south 70 degrees and 51 minutes west to a point approximately due south of his located northeast corner of the Gunter tract; then returning to the northeast corner of the Gunter tract he ran a line due south to the railroad and found no markers; that at about 500 varas south of the northeast corner of the Gunter tract he found an old black gum tree that had an old blaze on the north and south face of it, over 30 years old, and that he was following fairly close to the Richardson old fence line.

The witness further testified that he found the south line of the Gunter land to be 284.8 varas; that the deed called for 473 varas for the south line and also called for the west line to be 700 varas and he found the west line to be 770½ varas and the north line to be 250 varas, the same as

the call in the deed, and found the east line to be 679.53, the deed calling for 648 varas; that the east line of the Richardson was found to be 504.85, the deed called for 480.

The north line of the Richardson calls to be 470 varas and DuBose found the line to be 548.24.

The south line of the Richardson called to be 475 varas and DuBose found it to be 551.9. The field notes call for 648 varas on the west line of the Richardson.

We have not set out the entire testimony of the witnesses but have, we believe, given a fair résumé of the evidence.

The trial court found as above set out that there was insufficient evidence to establish the southwest corner of the 10 acre tract.

The deed out of F. M. Richardson to the 10 acre tract is not in the record. In the deed from F. M. Richardson to J. S. Richardson dated May 27, 1915, the beginning call is at the southwest corner of a 10 acre tract in the name of Arden Wright.

On September 16, 1916, Jackson Wright and wife conveyed to L. A. Wright a 10 acre tract, calling for a beginning "at the northeast corner of a 2 acre tract conveyed to J. H. Hinton, this point is 75 varas N. 3 deg. 30′ E of where the J & E Railway crosses the Newton and Jasper County Line," and then with calls and distances north, west and "south to a stake in the north line of the J & E Railway right of way. Thence N. 71 deg. E. 32 varas to a stake in the line of same. Thence N. 11 deg. W. 76.5 varas to the southwest corner of the said J. H. Hinton 2 acre tract." Thence N. 71 E. 155.5 varas to the place of beginning. The original deed to the J. H. Hinton 2 acre tract is not in the record.

Since all references are to the southwest corner of the 10 acre tract, it appears that such corner can be definitely located by the notes in the Hinton deed and in the deed from F. M. Richardson to Jackson Wright, or the predecessor in title to the 10 acre tract.

It was incumbent on the appellants, as plaintiffs, to make out a case of ownership of the land sued for and this the trial court found they did not do, and denied them a recovery.

The court granted appellees, as defendants, title to the tract in dispute, apparently on a claim of limitations.

We think it conclusively appears that the southwest corner and the northwest corner of the J. S. Richardson are respectively the southeast and northeast corners of the Gunter and that the west line of the Richardson is the east line of the Gunter. The parties do not contend differently from this last statement but disagree as to the correct location of this line. As shown on the map supra appellants contend the line is C to B while appellees say it is 2 to 3. The true location of this line is to be found in the original field notes of the grant to L. S. Richardson.

It is our opinion that the case has not been fully developed and should be remanded for further consideration.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

HUGHES, J., not sitting.

GRAY, Justice (concurring).

I agree with Chief Justice ARCHER that this cause must be reversed and remanded. I do not agree that the trial court apparently granted appellees a judgment on a claim of limitations. He made no finding of limitation and appellees do not, by their brief, defend their judgment on that ground. Moreover the evidence is not sufficient to support a finding of limitation by this Court.

From the evidence before us there is no difficulty in determining the location of the east line of the J. S. Gunter and the west line of the Richardson. However we cannot so locate it on the ground and for this reason and purpose the cause must be reversed and remanded. In view of such remand it is appropriate to direct attention to calls controlling the location of this line on the ground.

As stated by Chief Justice ARCHER the trial court found that the evidence was insufficient to locate the northwest and southwest corners of the Wright ten acre tract. These corners are called for in the field notes of the J. S. Richardson tract which is called to begin at the southwest corner of this ten acre tract. However in spite of this fact and the further fact that the original field notes of the Gunter tract calls for its east line to be the west line of the Richardson and on the above finding the trial court entered the judgment supra.

At the trial the parties stipulated that the northwest corner of plaintiff's property (the Gunter tract) is also the southwest corner of the Howell tract. This stipulation, though correct, is not controlling. The true location of the Gunter tract according to its original field notes is the question to be determined.

On March 13, 1906 the State issued to F. M. Richardson (the common source of title) a patent to 160 acres of land in Jasper County and known as the S. E. ¼ of Sec. 62, H. & T. C. Ry. Co., Cert. 187. The field notes of this tract begin and close on the Jasper-Newton county line. The land is described as being in Jasper county and lying west of this line. The east boundary line of the Arden Wright ten acre tract is also this county line. See map in Chief Justice ARCHER'S opinion supra.

The grant of the Wright ten acre tract was senior to the grant of the Richardson tract which was senior to the Gunter grant.

We do not find in the record before us the original field notes of the Wright ten acre tract. There is however in the record the deed from Jackson Wright et ux. to L. A. Wright conveying this ten acre tract and which deed describes the tract. The field notes of the original deed from F. M. Richardson to J. S. Richardson supra (this being the original grant) calls for it to begin at the S. W. corner of the ten acre tract; Thence S. 60 deg. 30' W. 475 varas to a stake for corner; Thence N. 648 varas to a stake in the S. line of the Howell; Thence back to the Wright ten acre tract, and thence with its west line to the place of beginning. We here note that the original southwest corner of the Richardson tract is called to be at a stake 475 varas "S. 69 deg. 30' W." from its beginning point, and further note that its west line is called to run north from that stake "to a stake in the S. line of" the Howell for the northwest corner of the tract. Regardless of the calls in the original field notes of the Gunter F. M. Richardson had, some nine years prior thereto, conveyed the J. S. Richardson land and in describing the Gunter tract (then conveyed) he called for it to begin with the J. S. Richardson and to go to the west line of the 160 acre tract, described in the beginning, as being the S. E. ¼ of Section 62, H. & T. C. Ry. Co., and to run north with that line to the Howell tract.

We think it conclusively appears that the southwest corner and the northwest corner of the J. S. Richardson are respectively the southeast and northeast corners of the Gunter and that the west line of the Richardson is the east line of the Gunter. The parties do not contend differently from this last statement but disagree as to the correct location of this line. As shown on the map supra appellants contend the line is C to B while appellees say it is 2 to 3. The true location of this line is to be found in the original field notes of the grant to L. S. Richardson. These calls are set out supra.

The call for the S. W. corner of the L. S. Richardson is called to be a stake 475 varas "S. 69 deg. 30′ W." of the S. W. corner of the Wright ten acre tract and its west line is called to run north from that stake to a stake in the south line of the Howell. These stakes were not found. This being true then it must be presumed that the stake for the southwest corner was set at the distance called for. 7 Tex.Jur. p. 174, Sec. 41. From this point said west line is called to run north to the south line of the Howell (a stake). As we understand the record the true location of the south line of the Howell is not in dispute. If this is true then the call "north" to that line must be given effect. See 7 Tex.Jur. p. 183, Sec. 47 and the northwest corner of the L. S. Richardson is thus located and also the northeast corner of the Gunter. However before either of these corners or the west line of the L. S. Richardson can be located it is necessary to find the beginning point of the L. S. Richardson which is the southwest corner of the Wright ten acre tract.

On the finding of insufficient evidence to locate the calls for the Wright ten acre tract supra we are unwilling to let this judgment stand for the reason that we cannot say from the record before us that the L. S. Richardson and Gunter tracts have been located in keeping with the description of those tracts by the grantor.

What has been said is sufficient to show that the line in dispute (the west line of the Richardson or the east line of the Gunter the same being identical) is to be located on the ground by beginning at the southwest corner of the Wright ten acre tract; Thence "S. 69 deg. 30′ W." 475 varas for corner; Thence "North" to the south line of the Howell for the northeast corner. This corner then is the beginning of the Gunter and also the closing point of its field notes and controls over the call for distance (250 varas) from the agreed northwest corner. The evidence in the record shows the true location of the line in dispute.