D. M. HENDERSON ET AL V. JOE S. GUNTER ET AL.

No. A-7216. Decided October 14, 1959.
Rehearing Overruled November 25, 1959.
(328 S.W. 2d Series 868)

*Powell, Rauhut, McGinnis & Reavley* and *Tom Reavley,* all of Austin for petitioner.

On the points of error set forth in the opinion of the Court petitioner cited Gerald v. Freeman, 68 Texas 201, 4 S.W. 256; Duff v. Moore, 68 Texas 270; Braumiller v. Burke, 112 Texas 387, 247 S.W. 501.

*Parker* and *Parker* and *James F. Parker,* of Beaumont, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

The respondents, Gunter, sued for title and possession of a tract of approximately eight acres in Jasper County. Actually, the determinative fact in issue here is the location of the boundary line between the two tracts owned by Gunter and Henderson, respectively. Th trial court granted a "take nothing" judgment. That has been reversed and remanded by the Court of Civil Appeals. 320 S.W. 2d 221.

In 1915 F. M. Richardson and wife conveyed to J. S. Richardson by warranty deed a tract described as follows:

Beginning at a stake in the N. line of the J. and E. R.R. branch of Santa Fe right of way, the same being the S.W .corner of a ten-acre tract in the name of Arden Wright;

Thence S. 69 deg. 30' W. with the N. line of the J. & E. R.R. right of way 475 vrs. to a stake for corner;

Thence N. 648 vrs. to a stake in the S. line of a tract of land previously conveyed to J. D. Howell;

Thence S. 470 vrs. to the N.W. corner of the Arden Wright ten-acre tract;

Thence S. 3 deg. W. with the W. line of the Arden Wright survey 480 vrs. to the place of beginning, containing 47 acres of land.

This tract is now owned by petitioners.

Then in 1926 F. M. Richardson and others conveyed to J. S. Gunter by warranty deed a tract of land in Jasper County adjoining the J. S. Richardson tract on the west and described as follows:

Beginning at a stake in the S. line of a tract heretofore sold to Dan Howell, same being the N.E. corner of J. S. Richardson tract;

Thence S. with Richardson's E. line 648 vrs. to a stake in the N. line of Jasper Eastern right of way;

Thence S. 69 W. with the said line 473 vrs. to a stake in the W. line of said F. M. Richardson 160-acre survey;

Thence N. with said line 700 vrs. to the S.E. corner of Dan Howell tract;

Thence E. with his S. line 250 vrs. to the place of beginning containing 38.6 acres of land, be it more or less. (The plat will not be reproduced here since it appears in the opinion of the Court of Civil Appeals).

There was no pleading or proof by either party of title by limitations nor was there proof of or reliance upon any agreed boundary. It was stipulated that the northwest corner of Gunter's tract is also the southwest corner of the Dan Howell tract immediately to the north. Likewise, there is no dispute as to the location of the southwest corner of Gunter's property nor as to his west line. This boundary and the two corners are accurately located on the ground. The entire controversy centers around the location of the west line of the Richardson tract which is necessarily the east line of the Gunter. As pointed out in the concurring opinion of the Court of Civil Appeals, to lay out on the ground the west line of the Richardson tract the southwest corner of the 10-acre Arden Wright tract must be definitely located for that is the beginning point of the J. S. Richardson field notes.

There are several obvious descriptive errors in both convey-

ances. In the deed to J. S. Richardson, the third call should be *east* 470 varas to the northwest corner of the Arden Wright tract instead of *south*. In the deed to Gunter, the description calls for a beginning at the *northeast* corner of the J. S. Richardson tract and thence south with the Richardson *east line*. Clearly, the grantor intended the beginning point to be at the *northwest* corner of the Richardson and thence to run south with *west* line of that tract. The northeast corner of the Richardson tract is not in the south line of the Howell land, and to begin at the northeast corner would enclose most of the J. S. Richardson tract. These mistakes will be corrected so as to carry out the true intention of the grantor as revealed from a reading of the instrument as a whole. Davis et al. v. Tate et al., 101 S.W. 2d 1069, wr. ref.; Mansel v. Castles, 93 Texas 414, 55 S.W. 559; Poitevent v. Scarbrough, 103 Texas 111, 124 S.W. 87; Miller v. Hodges, 260 S.W. 168 (Com. App., opinion adopted.) The third call in the Gunter deed is 473 varas to a stake in the west line of the F. M. Richardson 160-acre survey and that is admittedly excessive.

The trial court made a number of findings of fact all set out fully in the Court of Civil Appeals' opinion. The last of these, and the one we think that concerns the controlling issue in this case, is as follows:

"There is insufficient evidence to establish the location on the ground on May 27, 1915,[1] of the northwest corner, the southwest corner of the west line of a 10 acre tract in the name of Arden Wright."

Petitioners conceded that the southwest corner of the Arden Wright tract is established and definitely located on the ground as it existed at the time of the trial. Also, there is no question but what the line DA is the present west boundary of the Arden Wright tract and the present east boundary of the J. S. Richardson or D. M. Henderson tract, but they say that does not necessarily prove that this was the boundary line between the two tracts in 1915 when F. M. Richardson conveyed to J. S. Richardson nor serve to locate the southwest corner of Arden Wright at the time of the conveyance to Gunter.

There is no evidence in the record tending to show that the west line and the southwest corner of the Arden Wright tract

---

1.—May 27, 1915 is the date of the conveyance from F. M. Richardson and wife to J. S. Richardson.

in 1915 were otherwise located than as presently established on the ground. All of the evidence is to the contrary.

The witness, Dubose, made a survey for petitioners and testified in their behalf. He had with him the field notes of the Gunter, J. S. Richardson, and Arden Wright deeds. He testified that he accepted the corner of an old fence as the Arden Wright northwest corner and that it checked to within about one vara of the called distance from the Jasper County line. He stated that he came back to the Arden Wright northwest corner and ran a course south 3° 3′ west down the fence line, a distance of 504.85 varas to the railroad right of way north line where he found a cross tie with some old wire nailed on it. He was then on the south side of the highway and testified that he "was pretty well satisfied" with the location of the Arden Wright tract at that time and therefore he must have been equally satisfied with the east line of the Richardson and the southwest corner of the Arden Wright. Dubose testified that the line 2 to 3 as shown on the plat is the west line of the J. S. Richardson and the east line of the Gunter. This is the line contended for by petitioners. As we read his testimony, he predicated this largely on the last call in the Gunter deed, namely, "from the southeast corner of the Dan Howell tract; thence 250 varas to the place of beginning." This call for 250 varas from the southeast corner of Dan Howell would be short 66.6 varas of reaching the west boundary line of the J. S. Richardson and the northwest corner of that tract as claimed by Gunter. Dubose also discovered a pine stake and pieces of broken concrete at a point 250 varas east of the southwest corner of Dan Howell. He also found broken pieces of concrete at a point he established as the southeast corner of the Gunter tract.

Surveyor Ellison made a survey of the Gunter tract and was offered as a witness by respondent. He testified that he began his survey at the southwest corner of the 10-acre tract known as the Arden Wright tract; that he had lived about a mile or so from this land since 1924; that he had formerly lived at Bronson and had been surveying in this area ever since he could remember. That according to the general reputation in the community this tract is commonly referred to as the Harrison tract and also as the Arden Wright tract.

Petitioners concede that a call to an adjoining line will prevail over a call for course and distance, but they say that priority is due to the existence of the adjoining line on the ground and only if and when the adjoining line can be located by natural

or artificial objects. Gerald v. Freeman (1887), 68 Texas 201, 4 S.W. 256; Duff v. Moore, (1887) 68 Texas 270, 4 S.W. 530. But we conclude that these two decisions are not apposite here.

In Gerald v. Freeman the parties differed as to the true location of the east boundary line of a certain tract. This boundary was fixed by calls for course and distance from its beginning corner and not by the west boundary of another tract with which it purported to run. The court declined to make the distance call subordinate to an unmarked prairie line which could not itself be ascertained except by running the boundary of that survey according to course and distance. The distinction is that in the case before us the beginning point of the description of the Gunter tract is at the northwest corner of the J. S. Richardson tract, and thence south with the Richardson west line. Before the Gunter tract can be laid out on the ground the northwest corner and the west boundary line of the Richardson tract must be established. In the absence of any claim of limitations or of agreed boundary line, the Richardson tract can only be laid out by a survey on the ground proceeding by calls for course and distance from the southwest corner of the Arden Wright tract.

1 We are of the opinion that under the evidence in this case the southwest corner of the Arden Wright tract as a matter of law is fixed and located on the ground. That is to say the point the parties agreed upon as the present location of the southwest corner of the Arden Wright is the southwest corner of the Arden Wright as it stood in 1915. We think the trial court erred in holding the evidence on that point to be insufficient. All of the other findings made by the trial court are either immaterial or not controlling or based upon the finding that the location of the northwest and southwest corners of the Arden Wright were not correctly located on the ground as of the date of the J. S. Richardson deed.

Petitioners say that the Court of Civil Appeals disregarded all of the evidence on the ground tending to show that the boundary had in fact existed for a long while along the line 2-3, such as prior timber cutting, the stakes, and broken pieces of concrete and also disregarded the fact that respondents did nothing about the remarked line and the fencing for more than eighteen months. In the absence of any claim of limitation or agreed boundary, these matters are almost wholly irrelevant and do not aid in locating the boundary between the two tracts.

According to the survey of Dubose and his testimony, the

calls for course and distance measured on the ground by him, beginning at the recognized southwest corner of Arden Wright, measured on the ground by him tally closely with the corresponding calls in the J. S. Richardson deed and thus locate the west boundary line at point 2x to point 3x as shown on the plat. From the point he took as the southwest corner of the Arden Wright tract, he measured the distance to point 3x at 475.30 varas. The distance called for in the deed in 475 varas. From the northwest corner of the Arden Wright tract he measured the distance to point 2x as 481 varas. The deed calls for 470 varas. From the northwest corner of the Arden Wright to the southwest corner of this tract in the north line of the railway right of way he measured the line as 504.85 varas. The distance called for in the deed is 480 varas. Even the amount of land as surveyed out in the J. S. Richardson tract with the west boundary line at point 2x to point 3x checks out with the amount of land purported to have been conveyed, namely 47 acres, while on the other hand if the line 2 to 3 is the J. S. Richardson west boundary line, correspondingly the Gunter tract would have considerably less than the amount of acreage purported to have been conveyed by the Gunter deed. This fact is also material in tending to prove that the southwest corner of Arden Wright is located now at the same point as it was in 1915. Humble Oil & Refining Company v. Ellison, 134 Texas 140, 132 S.W. 2d 395.

This application for writ of error was granted upon the following two points:

1.   The Court of Civil Appeals erred in upsetting judgment against respondents when respondents, as plaintiffs below, failed to prove what the court now says they are burdened to prove to make their case.

2.   The Court of Civil Appeals erred in disregarding the findings of the trial court which were supported by probative evidence, the sufficiency of which is not attacked by the court.

**2,3**  We still think that these two points are well taken in so far as the opinion of the Court of Civil Appeals goes. As we read that opinion, as well as the concurring opinion, no error on the part of the trial court is pointed out, but the case is remanded because the facts were not fully developed. Impliedly at least, that court agreed with the trial court that the respondents as plaintiffs below had not proved their claim of title. While appellate courts possess a rather broad discretion in remanding, when the case was tried on the wrong theory or when the evi-

dence was not fully developed or when issues raised by the pleadings were not passed on and the like, before this discretion may be exercised some error on the part of the court below must appear. London Terrace v. McAlister, 142 Texas 608, 180 S.W. 2d 619; Dahlberg v. Holden, 150 Texas 179, 238 S.W. 2d 699. However, being convinced that the trial court erred in holding that the northwest and the southwest corners of the Arden Wright tract as they existed in 1915 were not sufficiently located on the ground, we therefore affirm the Court of Civil Appeals' judgment of reversal and remand. In this connection, it is to be noted that there can be no rendition because the respondent did not file an application for writ of error in this case. It is therefore ordered that the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 14, 1959.

Rehearing overruled November 25, 1959.