Robert E. HAUSMANN et ux.,
Appellants,

v.

TEXAS SAVINGS & LOAN ASSOCIATION et al., Appellees.

No. 6778.

Court of Civil Appeals of Texas,
El Paso.

June 27, 1979.

Rehearing Denied Aug. 22, 1979.

Key, Car, Evans & Fouts, Donald M. Hunt, Lubbock, for appellants.

John R. Lee, Kermit, L. Holt Magee, Monahans, for appellees.

## OPINION

WARD, Justice.

Robert Hausmann and his wife, Lois Hausmann, as homeowners, sued to set aside a sale of property made under the power in a Deed of Trust. The Defendants were Texas Savings & Loan Association of Monahans, the noteholder; L. Holt Magee, the Trustee; and Carlton Woodson III, the purchaser at the foreclosure sale. Trial was to a jury, which found that both Hausmanns had actual notice of the sale and that the consideration paid by Woodson was not grossly inadequate. The trial Court then entered judgment determining that the Trustee's sale was valid, that the Plaintiffs take nothing, and that the purchaser at the sale recover possession of the property and rents from the Plaintiffs. The Plaintiffs appeal, and we affirm.

Alfred and Sadie Brown acquired the property in 1967 and at that time executed the note in question, it being in the principal amount of $25,000.00, payable to Texas Savings & Loan Association of Monahans in monthly installments of $176.70 each, and providing for acceleration of maturity upon failure to pay any installment when due, or the failure to perform any of the agreements contained in the Deed of Trust.

The Deed of Trust executed by the Browns was to L. Holt Magee as Trustee, the Browns therein making the following pertinent covenants and agreements:

6. Should grantor fail or refuse to make prompt payment of the above described note as the same shall become due and payable . . . Association shall be entitled, without being under legal obligation to do so, to exercise the option of:

. . . . .

(b) Declaring the whole of the note . . . immediately due and payable, with or without notice to GRANTOR and without presenting for payment any matured part of the indebtedness secured by this DEED OF TRUST, and cause trustee sale to be made.

. . . . .

7. Should ASSOCIATION elect to exercise the option of enforcing this trust by trustee's sale as above provided, it shall be the duty of TRUSTEE . . . to sell the above described property, . . first giving twenty-one (21) days public notice of the time, terms, and place of said sale and of the property to be sold, by notice given in the manner at such date required by the laws of the State of Texas for sale of real estate under deeds of trust . . . It is agreed that the recitals in the conveyance to the purchaser, or purchasers, shall be in full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyances shall be conclusive against GRANTOR, his heirs and assigns.

On February 12, 1973, the Browns sold the property to Mr. and Mrs. Hausmann by general warranty deed, the property being conveyed subject to the unpaid balance owed on the note and the Deed of Trust securing the same.

The Hausmanns moved into the property, which was located at 1502 South Eric in Monahans, and occupied it as their home. They were often delinquent in payments and by November, 1976, they were behind a total of four monthly payments; and according to the Defendants' testimony, a letter was written to Mr. Hausmann on October 26th advising him of delinquencies and requesting payments before November 10th. No payments were forthcoming, and on November 15th the file was turned over to the Trustee and it was decided to proceed with foreclosure. At that same time, Mr. Hughes, the President of the Association, went to see Mr. Hausmann at his office and, finding him gone, talked with his assistant and left an adding machine tape showing the amount necessary to bring the loan current and requesting that Hausmann call him upon his return. Also on that date, the Trustee Magee wrote a letter to Mr. and Mrs. Hausmann at the 1502 South Eric address in Monahans, advising them that he had posted notice of foreclosure that day, the foreclosure to be had on December 7th. The letter was sent by certified mail and copy of notice of foreclosure was enclosed. According to the terms of an affidavit executed in compliance with Art. 3810, Tex. Rev.Civ.Stat.Ann. (Supp. 1978–1979), the letter was mailed on November 15th, although the envelope shows it was not postmarked until November 17th. That letter was eventually returned to the Association unclaimed. According to the Defendant's testimony, on November 18th Mr. Hausmann called Mr. Hughes, who advised him that the file had been turned over to Magee with instructions to post notice of foreclosure; that making up back payments would not be enough, and that the total balance that was due on the matured note would have to be paid, and Hausmann was advised of that amount. Thereafter, the Trustee conducted the sale on December 7th, and

the property was sold to the Defendant Carlton Woodson III, for a cash consideration of $30,500.00.

In answer to the special issues submitted, the jury determined that both Mr. and Mrs. Hausmann were given proper written notice of the Trustee's sale; that both Mr. and Mrs. Hausmann received actual notice of the date of the Trustee's sale on November 17, 1976; that the consideration received for the sale of the real estate was not grossly inadequate; and that the reasonable monthly rental value of the real estate for the period commencing December 7th was $350.00 per month.

■ The Plaintiffs' first point is to the effect that the Court erred in failing to set aside the foreclosure because the Association failed to give notice of election to accelerate the maturity of the note, that being a condition precedent without which the attempted foreclosure was wholly void. Regardless of whether or not an adequate notice was either given or required, this is the first time that the complaint concerning the improper acceleration of maturity has been urged. At no time during the trial was that complaint either presented or ruled upon, and it was not presented in the motion for new trial. Rule 324, Tex.R. Civ.P., effective January 1, 1978, abolishes the necessity of the motion for new trial as a prerequisite to the·right to complain on appeal, but it makes the following exception:

Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon.

This case was tried after the amended rule became effective. The point has not been preserved for review, and is overruled.

■ The second point tacitly recognizes what we have said about the new rule. It is to the effect that if we should overrule the first point, then this case should be reversed because the facts have not been fully developed and the case was tried on the wrong theory, and it should be remanded for new trial in the interest of justice.

Regardless, we are not authorized to reverse solely because the facts were not fully developed or because the case was tried on an erroneous theory. *Henderson v. Gunter*, 160 Tex. 267, 328 S.W.2d 868 (1959); *Barnum v. Lopez*, 471 S.W.2d 567 (Tex.1971). Those complaints can cause remand only in the event of reversible error. The point is overruled.

The next six points of error present the contention that there was no evidence or insufficient evidence to support the jury finding to Special Issue No. 2 that proper written notice was given to both Mr. and Mrs. Hausmann. These points contend that the notice was not sent to the most recent address, that the notice was not mailed twenty-one days before the foreclosure, and that separate letters should have been sent to the man and to his wife. In connection with the issue, the Court defined proper written notice by tracking the statutory language of Article 3810, Tex.Rev.Civ.Stat. Ann. (Supp. 1978–1979), which provides as follows:

Service of such [written] notice shall be completed upon the deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office

.  .  .

■ As has previously been noted, the general purpose of the statute was to provide a minimum level of protection for the debtor. *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). See *Forestier v. San Antonio Savings Association*, 564 S.W.2d 160 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). At the same time, the amended statute continues to be one which affords only constructive notice as opposed to actual notice of the foreclosure. The statute states that "the holder of the debt  .   .   . shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt  .   .   ." Under the very terms of the statute, we are compelled to overrule the six points. The proof

shows that Mr. and Mrs. Hausmann were not obligated to pay the debt. On the contrary, the proof establishes that by their deed of purchase the property was conveyed subject to the unpaid balance on the note and the Deed of Trust. The Hausmanns protected themselves in their purchase to the extent that they at no time would become personally liable to pay the obligation. By so doing, however, they did not bring themselves personally within the terms of the statute. The Hausmanns as purchasers of the real estate from the mortgagors and makers of the note were proper parties and could dispute the sale. 39 Tex.Jur.2d MORTGAGES AND TRUST DEEDS Section 157 at 211. The affidavit executed by the Trustee and which was filed in the deed records for the purpose of gaining the presumption set forth in Article 3810, Tex.Rev. Civ.Stat.Ann. (Supp. 1978–1979), recites that the notice of foreclosure was also mailed to Mr. and Mrs. Alfred L. Brown at their last known address on November 15, 1976, but no attack has been or is made on that recitation. The debtors obligated to pay the debt were served in compliance with the statute.

█ Regardless, we hold that the notice to the Hausmanns complied with the requirements of the statute as if they had qualified as "debtors obligated to pay the debt."

The letter advising the Hausmanns that the property had been posted for foreclosure was sent to 1502 S. Eric, the street address of the property and where the Hausmanns actually lived on the date of the letter. The Trustee testified that this was the address in the tax records and he knew that they were living there because he drove by their home each day. Evidence was also presented that the Savings and Loan Association sent Mr. Hausmann at least two letters at this address which were not returned, the last one being the one sent on October 26 advising of the delinquency. The Savings and Loan Association also had two other addresses in their file, both of which were post office boxes, Numbers 1968 and 1541. Computer generated

envelopes sent to the Hausmanns by the Savings and Loan Association from 1974 to 1977 were addressed to Box 1968. Hughes testified that the Savings and Loan Association had all three addresses on file, mailed letters to the Hausmanns at all three addresses though Box 1968 was probably the last one that they had. Hausmann testified that letters addressed to his house were not delivered there as there was no mail box and that the post office usually put them into his Box 1968. He and his wife denied knowing anything about the notice. His employee testified that she was directed by him to pick up all his mail at the post office but never to pick up any registered or certified mail but only to deliver the post office notices regarding the same to him, which she always did.

The Plaintiffs argue that the one letter addressed to them at their home address did not meet the statutory requirements because there were not two letters addressed to each one of them separately, and that mailing the letter to the home address failed to meet the statutory requirements of the most recent address. We hold that the one letter addressed to both Mr. and Mrs. Hausmann at their home address where they both actually resided met the statutory requirements. The evidence shows a good faith attempt to notify the Plaintiffs of the Trustee's sale at an address that was effective. The reasonable inferences arising from the evidence is that the Plaintiffs knew of the letter, knew it was from the Trustee, surmised that it related to the sale and refused to pick it up.

█ The Trustee Magee's statutory affidavit which stated that the notice letter was mailed on November 15th was introduced into evidence as an exhibit. Neither Magee nor any other witness testified that the letter was mailed on November 15th. As previously noted, the postmark was November 17. Plaintiffs contend that the evidence fails to support the finding that the statutory notice was timely mailed and argue that the date of mailing and the date of sale must be excluded in counting twenty-one complete days; that to meet that dead-

line the letter would have to have been mailed on November 15th; that the prima facie evidence arising from the affidavit and created by the statute and the contracted for prima facie evidence arising from the recitals in the trustee deed disappear in the face of the real evidence as shown by the postmark. *Valley Forge Life Insurance Company v. Republic National Life Insurance Company*, 579 S.W.2d 271 (Tex.Civ. App.—Dallas 1978, no writ). We overrule the argument as the date of the postmark is just that—the date of the postmark and not evidence of the date of mailing. Further, we note that the deadline for mailing was November 16th, not the day before as contended by the Hausmanns. *Hutson v. Sadler*, 501 S.W.2d 728 (Tex.Civ.App.—Tyler 1973, no writ). In this cited case, it was held where notice of sale of real estate under deed of trust was posted for twenty-one days exclusive of day of sale but inclusive of day of posting that the notice met the requirements that it be posted for twenty-one days prior to date of sale. We apply the same rule to the date of mailing of the written notice of the proposed sale by certified mail.

After having considered only the evidence and inferences arising which support the jury finding to Special Issue No. 2, the issues attacking the legal sufficiency of the evidence as to the proper written notice are overruled. After considering all of the evidence, the issues attacking the factual sufficiency of the evidence supporting the finding are likewise overruled.

The Plaintiffs next complain that the finding by the jury that the Hausmanns received actual notice of the sale on November 17 would not validate the sale. They argue that actual notice to be a substitute for the statutory notice must likewise be given at least twenty-one days preceding the date of sale. See *Forestier v. San Antonio Savings Association*, supra. While the validity of that argument can be recognized, we have held that the constructive notice given met the statutory requirements. The point is overruled.

Plaintiffs complain that the trial Court failed to submit a definition of the word "each," in connection with Special Issue No. 2. We fail to see where a definition was required since the term is a commonly used adjective which does not require legal definition. The point is overruled.

The Plaintiffs' final points attack the jury finding that the consideration received at the Trustee's sale was not grossly inadequate. They present both legal and factual insufficiency points. Since the rule is well established that mere inadequacy of consideration is not grounds alone for setting aside a trustee's sale if the sale was legally and fairly made, the points are overruled. The points have become immaterial. *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965).

We have considered all of the Plaintiffs' points and they are all overruled. The judgment of the trial Court is affirmed.